(No. 45760.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JOSEPH T. MAHLE, Appellant.

*Opinion filed May 29, 1974.*

280

RYAN, J., took no part.

Peter F. Ferracuti, of Ottawa (Gerald M. Hunter, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield, and Robert E. Richardson, State's Attorney, of Ottawa (James B. Zagel and Melbourne A. Noel, Jr., Assistant Attorneys General, of counsel), for the People.

MR. JUSTICE DAVIS delivered the opinion of the court:

The defendant, Joseph T. Mahle, pleaded guilty to two informations in the circuit court of La Salle County, which charged him, in a total of eight counts, with deceptive practices, and in one count with violation of bail bond. On the deceptive practices charges the court entered an order which sentenced him to serve a five-year probation, upon condition, among other things, that the first year of the probationary period be served at the State Penal Farm, Vandalia, and which ordered restitution in the amount of $1,138.86, plus court costs of $385.40. Probation was denied on the conviction of violation of bail bond, and the defendant was sentenced to serve a term of one year at the State Penal Farm, Vandalia, the term to be concurrent with that being served as a condition of probation on the deceptive practices conviction.

The appellate court affirmed the convictions and approved the probationary terms and sentencing. (9 Ill. App. 3d 166 (1972).) The statement of facts in the appellate court opinion is adequate and is hereby adopted. The defendant contends before us that the informations charging deceptive practices were fatally defective; that the term of probation ordering him to serve the first year of his probationary period at the State Penal Farm, Vandalia, is improper under the Unified Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005–6–3(d)); and that the sentence of the trial court was excessive.

We do not find the informations charging deceptive practices to be fatally defective. In various counts of the informations, the defendant was charged with deceptive practices in delivering a draft with intent to obtain control over the property "of Streator Car Wash, Streator, Illinois," "of J. C. Morrow, Yorkville, Illinois," and "of Marmion's Sinclair Service, Ottawa, Illinois."

The defendant charges that the identity of the victims, "Streator Car Wash, Streator, Illinois," and "Marmion's

Sinclair Service, Ottawa, Illinois," as set forth in the informations, is ambiguous and vague in that such names failed to identify the complainants, rendering the informations fatally defective. The statute relating to deceptive practices referred to obtaining the property of "another." (Ill. Rev. Stat. 1969, ch. 38, par. 17–1.) Now, as then, "another" is defined as a "person"; the latter is defined as an "individual, public or private corporation, government, partnership, or unincorporated association." (Ill. Rev. Stat. 1969, ch. 38, pars. 2–3, 2–15.) The defendant contends the victims named in the informations are not such "persons." We disagree.

The defendant refers us to *People v. Hill* (1966), 68 Ill. App. 2d 369, and *People v. Tenen* (1971), 132 Ill. App. 2d 786. In *Hill,* the court found several defects in the complaint charging theft, the most flagrant of which was the absence of any allegations of venue, which the court found to be jurisdictional and thus rendered the judgment of conviction void. The court went on to say that the allegation that the theft was from "Community Discount Store" was insufficient to allege theft from an entity capable of owning property. In *Tenen,* the court relied upon *Hill* and found a complaint fatally defective in charging deceptive practices in obtaining property of "Sully House Fine Furniture." It concluded that this was not an entity capable of owning or possessing property.

In the case at bar, the defendant made no attack upon the informations until the appeal. Had the defendant had any doubt as to the identity of the victims of his deceptive practices, he could have removed the doubt by use of a bill of particulars. (Ill. Rev. Stat. 1969, ch. 38, par. 111–6.) We do not view the description of the victims to be so defective as to permit the defendant to plead guilty to the informations and attack the charge therein for the first time upon appeal. A plea of guilty waives all defects and irregularities which are not jurisdictional. *People v. Reed* (1965), 33 Ill.2d 535, 539; *People ex rel. Totten v. Frye* (1968), 39 Ill.2d 549, 553.

The information must set forth the nature and elements of the offense charged as prescribed in section 111—3(a) of the Code of Criminal Procedure. (Ill. Rev. Stat. 1969, ch. 38, par. 111—3(a).) Whether the information is sufficient, however, is to be determined by the substance of the charge and not the technicalities of its language. (*People v. Blanchett* (1965), 33 Ill.2d 527; *People v. Billingsley* (1966), 67 Ill. App. 2d 292, 299.) An information is sufficient under both the constitutional provisions and the implementing statute (section 111—3 of the Code of Criminal Procedure) if it " 'states specifically the elements of the offense with sufficient particularity to apprise accused of the crime charged and to enable him to prepare his defense and permit a conviction or acquittal to be pleaded in bar of a subsequent prosecution for the same offense, and, as stated by some courts, to indicate to the court the correct judgment to be pronounced on a verdict of guilty. [Citations.]' " *People v. Grieco* (1970), 44 Ill.2d 407, 409; also see *People ex rel. Goznelli v. Brantley* (1971), 49 Ill.2d 383.

While the informations might have more fully described the Streator Car Wash and Marmion's Sinclair Service as individuals, doing business as a partnership, or as some other business entity, it seems an exercise of futility to argue that they are not some form of "person" as defined by statute, or that the defendant was unable by reason of the charge to prepare his defense, or that the identity of the victims was so defective as not to permit an acquittal or a conviction to be pleaded as a bar to a subsequent prosecution for the same offense. We do not find the *Hill* or *Tenen* cases persuasive in this regard.

Also, as noted by the appellate court, the charge referring to J. C. Morrow clearly refers to an individual. The defendant argues, however, that the reference to Morrow's address of Yorkville, Illinois, in the informations suggests that the offense occurred there. As Yorkville is not in La Salle County the defendant suggests a further defect in the informations. However, the informations

clearly charge that the offense occurred at and within La Salle County, Illinois, and the reference to Yorkville can fairly be read only to describe the address or residence of J. C. Morrow. We find no defect in the informations rendering them void.

The defendant contends that under the Unified Code of Corrections, which took effect January 1, 1973, it was improper to impose the "split sentence" which sentenced him to five years probation, but with the first year thereof to be served at the State Penal Farm at Vandalia. We so held in *People ex rel. Weaver v. Longo* (1974), 57 Ill.2d 67, and *People ex rel. Ponder v. Bensinger* (1974), 57 Ill.2d 55.

The trial court also required as a condition to the probation that the defendant make restitution in the sum of $1,138.86, plus court costs of $385.40. It appears from the informations in this case that the total monies wrongfully obtained were approximately $387. The balance of the restitution was for other alleged bad checks written by the defendant. We do not believe that the conditions of restitution may extend to matters unrelated to the charges before the court. The trial court was not empowered to order restitution of sums extraneous to the informations before it. Section 5—6—3(b)(10) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—3(b)(10)) empowers the court to make as a condition to the probation the "restitution or reparation in an amount not to exceed actual loss or damage to property and pecuniary loss *** [and to] determine the amount and conditions of payment." To the extent that the restitution as ordered exceeded the amount that may have been ordered under the statutory authority, the order or condition was erroneous as to the excess. See *People v. Holzapple* (1956), 9 Ill.2d 22, 25.

The defendant urges that the one-year sentence imposed for the violation of bond should be reduced by this court to the three months, six days, served in jail by

this defendant. At the hearing in aggravation and mitigation it was stated that the defendant had unusual marital and financial problems during the period of time he committed the deceptive practices. He testified that he was not aware that his leaving the State was a violation of his bond agreement; that he had gone to Tennessee and obtained employment; and that his mother was dependent upon him for financial support. He was employed and his present employer testified in his behalf.

The general purpose of the Code of Corrections is to rehabilitate the offender, if possible, and to restore him to useful citizenship. (Ill. Rev. Stat. 1973, ch. 38, par. 1001—1—2.) We are of the opinion that this case must be remanded for resentencing as to the probation with reference to the deceptive practices charge as herein indicated. However, the sentence for the violation of bail bond is hereby affirmed.

The judgment of the appellate court is affirmed as to the convictions and the cause is remanded to the trial court with directions to resentence the defendant within the limitations of the probation provisions of section 5—6—3(d) of the Unified Code of Corrections. Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—6—3(d).

*Affirmed and remanded, with directions.*

MR. JUSTICE RYAN took no part in the consideration or decision of this case.