THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL ENSLEY, Defendant-Appellant.

Third District   No. 3—84—0614

Opinion filed April 25, 1985.

Robert Agostinelli and Verlin R. F. Meinz, both of State Appellate Defender's Office, of Ottawa, for appellant.

Larry Vandersnick, State's Attorney, of Cambridge (John X. Breslin and Peter M. Tumminaro, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, Michael Ensley, was convicted of theft, sentenced to a term of 18 months of periodic imprisonment and ordered to pay restitution in the amount of $1,486. The defendant appeals, arguing that the restitution order should be vacated because it was based on the replacement cost of the stolen items as well as the cost of items that the defendant was not charged with stealing. We affirm.

At the sentencing hearing, the court considered information received from the victim's insurance company regarding the value of stolen items. The insurer listed the total replacement cost of the items as $2,710, the replacement cost of recovered items as $480, and the amount paid to the victim for insured items as $744. Using these figures, the court ordered restitution in the amount of $1,486. The defendant then filed the instant appeal.

On appeal, the defendant argues that the restitution order should be vacated because the trial court erred in using replacement cost rather than the fair market value of the property at the time of its taking. The defendant also contends that, because he was charged with the theft of seven items and the order was based upon 19 stolen items, the amount of restitution was excessive. The defendant further asserts that the application of the restitution statute and its recent amendment violated *ex post facto* principles.

An order of restitution to a victim of an offense is governed by section 5—5—6 of the Unified Code of Corrections: "In fixing the amount of restitution to be paid in cash, the court *** shall assess the actual out-of-pocket expenses, losses, damages, and injuries suffered by the victim named in the charge ***." (Ill. Rev. Stat., 1983 Supp., ch. 38, par. 1005—5—6(b).) Amendment of this statute was made by Public Act 83—1061, effective July 1, 1984. This amendment clarified and expanded the nature and scope of the restitution statute. It has also broadened the class of victims entitled to receive restitution.

The defendant bases his contention that the trial court erred in

using the replacement cost of the items on *People v. Morrison* (1983), 114 Ill. App. 3d 828, 449 N.E.2d 859, wherein we stated that the amount of restitution should be based on the fair market value of the property at the time of its taking or loss. The standard of fair market value was also utilized in *In re F.D.* (1980), 89 Ill. App. 3d 223, 411 N.E.2d 1200.

■ We find in the case at bar that the trial court's reliance on the value assigned to the items by the insurance company was proper. Because the items were various pieces of jewelry, they constituted property which would normally appreciate in value. Although the insurance company used the term, "replacement cost," the insurer was, in essence, simply referring to the fair market value of the stolen items at the time of the offense. The items at issue in *Morrison*, unlike the instant property, were primarily depreciable items. The replacement cost in *Morrison*, as a result, differed from the fair market value.

■ Basing the restitution order on the value of all 19 stolen items was also proper. Under the restitution statute, the victim is entitled to recover restitution for losses "proximately caused by the conduct" of the defendant. (Ill. Rev. Stat., 1983 Supp., ch. 38, par. 1005—5—6(c)(1).) Although the defendant was charged with stealing only seven items, the theft of all 19 items stemmed from the same offense involving the same victim. The instant facts differ from those presented in *People v. Mahle* (1974), 57 Ill. 2d 279, 312 N.E.2d 267. There the court stated that the restitution order was improper because it included payment for matters unrelated to the charges before the court. Unlike *Mahle*, the trial court in the instant case ordered restitution only for the value of property related to the conduct set forth in the charges and to the victim named in the charging instrument.

■ We also find that the restitution order does not violate *ex post facto* principles. The recent amendment to the restitution statute does not impose upon the defendant an amount of restitution greater than that possible under the prior law. The legislative changes enacted by the amendment address other issues pertaining to restitution which are not relevant to the case at bar.

Because we find that the trial court's order of restitution was proper, the judgment of the circuit court of Henry County is affirmed.

Affirmed.

SCOTT and WOMBACHER, JJ., concur.