THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICHARD LEE BRADFORD, Defendant-Appellant.

Fourth District   No. 4—90—0164

Opinion filed January 23, 1991.

Daniel D. Yuhas and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington, (Kenneth R. Boyle, Robert J. Biderman, and Rebecca L. White, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

The defendant appeals his sentence for forgery (Ill. Rev. Stat. 1987, ch. 38, par. 17—3) and the order requiring payment of $1,353.78 as restitution. We affirm the sentence but vacate the restitution order and remand with instructions.

A McLean County grand jury indicted the defendant on two counts of forgery (Ill. Rev. Stat. 1987, ch. 38, par. 17—3). The first count was based on a VISA credit card charge slip totaling $424.94. The credit card had been issued to Wayne Thornton. The second count was based on a $400 check. The defendant pleaded not guilty to each charge, but later tendered a blind guilty plea to the first count. The State nol-prossed the second forgery charge.

The trial court sentenced the defendant to an extended term of six years' imprisonment in the Department of Corrections and ordered him to pay $1,353.78 as restitution. The presentence investigation report indicated the defendant used Thornton's VISA card to purchase goods totaling $798.31 from eight merchants and to rent a hotel room at the Comfort Inn. The hotel charges totaled $155.47. The defendant also forged Thornton's signature and cashed a $400 check.

The defendant then filed a motion to withdraw his plea and vacate the judgment, alleging the court failed to admonish him a guilty plea would subject him to an extended term. The court reduced the defendant's sentence to five years, concluding this was the maximum term for which the defendant could be incarcerated. The court let stand the restitution order. The defendant filed a timely notice of appeal.

The first issue on appeal is whether the court erred in ordering restitution in excess of the amount charged in the indictment. The defendant contends *People v. Mahle* (1974), 57 Ill. 2d 279, 312 N.E.2d 267, applies and precludes the restitution ordered here. In *Mahle*, the court ordered restitution of $1,138.86, though the informations indicated the total amount stolen was $387. The balance of the restitution ordered was for other checks the defendant allegedly wrote. The court stated: "We do not believe that the conditions of restitution may extend to matters unrelated to the charges before the court. The trial court was not empowered to order restitution of sums extraneous to the informations before it." *Mahle*, 57 Ill. 2d at 284, 312 N.E.2d at 271.

*Mahle* preceded the legislature's 1984 amendment to section 5—5—6 of the Unified Code of Corrections. (Pub. Act 83—1061, §1, eff. July 1, 1984; Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—6(b).) The stat-

ute reads, in pertinent part:

> "[T]he court shall assess the actual out-of-pocket expenses, losses, damages, and injuries suffered by the victim named in the charge and such other victims who may also have suffered out-of-pocket expenses, losses, damages, and injuries proximately caused by the same criminal conduct of the defendant ***." Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—6(b).

Several cases have interpreted the amendment. The defendant in *People v. Ensley* (1985), 132 Ill. App. 3d 842, 477 N.E.2d 760, appealed an order requiring him to pay restitution for items he was not charged with stealing. The appellate court held this was proper, because under the restitution statute a victim is entitled to recover for losses proximately caused by the defendant's conduct. The court distinguished *Mahle*, stating:

> "There the court stated that the restitution order was improper because it included payment for matters unrelated to the charges before the court. Unlike *Mahle*, the trial court in the instant case ordered restitution only for the value of the property related to the conduct set forth in the charges and to the victim named in the charging instrument." *Ensley*, 132 Ill. App. 3d at 844, 477 N.E.2d at 762.

Similarly, in *People v. Duff* (1987), 152 Ill. App. 3d 896, 505 N.E.2d 36, the court approved restitution to a victim not identified in the indictment. The defendant was charged with and convicted of aggravated battery, for pouring bleach on Thomley. Finesilver was not mentioned in the indictment and did not testify at trial. Thomley, however, testified Finesilver was hit by the bleach and both received medical treatment for injuries. Thomley testified to his medical expenses and to his estimate of Finesilver's medical expenses. The court ordered the defendant to pay restitution to both Thomley and Finesilver and the appellate court affirmed, concluding section 5—5—6(b) (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—6(b)) applied, because the *same* criminal conduct caused injuries to both victims.

This case is distinguishable, however, because the same act of forgery did not result in the total restitution amount. Instead, eight *separate* acts of forgery totaled $1,353.78. The State could have charged the defendant with eight acts of forgery. These acts involved different merchants at different locations at different times, and involved more than one victim. The amount ordered here required restitution for separate acts of criminal conduct, and unlike *Ensley*, was not limited to the conduct set forth in the indictment.

We conclude the trial court erred in ordering restitution in excess

of the amount appearing in the indictment. The trial court does not have authority to order restitution for damages resulting from criminal conduct other than that charged in the indictment unless an exception, such as present in *Ensley* or *Duff*, exists. To the extent the restitution ordered exceeds the amount appearing in the charges, the order here is erroneous as to the excess. *Mahle*, 57 Ill. 2d at 284, 312 N.E.2d at 271.

The second issue on appeal is whether the circuit court erred in considering unsworn hearsay from the presentence report in ordering the defendant to pay $1,353.78 in restitution. Given our resolution of the first issue, we need not address this question.

The defendant's sentence is affirmed, but the case is remanded for reduction of restitution.

Affirmed in part, vacated in part and remanded with directions.

LUND, P.J., and STEIGMANN, J., concur.