THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CYNTHIA EXUM, Defendant-Appellant.

Fourth District   No. 4—98—0124

Opinion filed October 14, 1999.

Daniel D. Yuhas and Jenifer L. Johnson, both of State Appellate Defender's Office, of Springfield, for appellant.

John C. Piland, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and Jeffrey K. Davison, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

Defendant, Cynthia Exum, was charged with forgery in the circuit court of Champaign County. 720 ILCS 5/17—3(a)(2) (West 1996). At the time of her arraignment she was ordered to pay $300 for the services of a public defender. Pursuant to a negotiated plea agreement, defendant pleaded guilty to forgery and the trial court sentenced her to a three-year term in prison. She was also ordered to make restitution in the amount of $305. She filed a motion to reduce her sentence, which was denied. Defendant appeals from the restitution order, contending it exceeded the amount of the forged check listed in the information charging her with the offense. She also appeals from the or-

der requiring her to pay attorney fees on the grounds the trial court failed to conduct a hearing pursuant to section 113—3.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/113—3.1 (West 1996)) prior to issuing the order and that the fees were ordered before the services were rendered. We agree with defendant's arguments.

At an arraignment on June 30, 1997, defendant was charged by information with one count of forgery. She filled out an affidavit of assets and liabilities and counsel was appointed to represent her. A payment order for court-appointed counsel in the amount of $300 was also entered that day without the hearing required under section 133—3.1 of the Code.

Later, the State and defendant negotiated an agreement under which the State would dismiss another, unrelated, charge and request a sentence of no more than three years' imprisonment and defendant would plead guilty to the forgery charge. The plea was entered on November 26, 1997.

The factual basis for the plea was that on May 8, 1997, Alice Elkins gave defendant a ride to Mulligan's Ale House and later noticed three checks missing from her checkbook. On May 13, Elkins was notified by her bank check Nos. 198, 199, and 200 had been delivered to Mulligan's on May 8. Each of the checks was made payable to defendant. Elkins signed an affidavit of forgery indicating she did not authorize anyone to sign her name to the checks and picked defendant out of a photo lineup as the person to whom she had given a ride to Mulligan's. Detectives from the Champaign police department interviewed an employee of Mulligan's who identified defendant from a photo lineup as the person who had presented the checks. The checks were for $100, $40, and $65.

On December 31, defendant was sentenced to three years' imprisonment with credit for time served of 72 days and was ordered to pay restitution in the amount of $305 to Mulligan's Ale House. On January 16, 1998, defendant filed a motion to reconsider sentence. The motion alleged the court failed to consider relevant factors in mitigation. The trial court denied the motion at a hearing on February 5. Timely notice of appeal was filed on February 13.

Defendant argues the trial court erred by ordering her to pay restitution in excess of the amount charged in the information. The information charged only one count of forgery for a check in the amount of $100.

■ Generally, a defendant who pleads guilty in exchange for a cap on the length of her sentence may not challenge a sentence imposed within that cap without first moving to withdraw her guilty plea. If the defendant does not file a motion to withdraw her guilty plea, nei-

ther the trial court nor the appeals court should consider her challenge to the sentence. *People v. Linder*, 186 Ill. 2d 67, 74, 708 N.E.2d 1169, 1172-73 (1999). However, where a sentencing court exceeds its statutory authority, that part of a defendant's appeal of her sentence exceeding the trial court's authority is not barred from consideration due to the defendant's failure to file a motion to withdraw her guilty plea. See *People v. Williams*, 179 Ill. 2d 331, 333, 688 N.E.2d 1153, 1154 (1997); *People v. McCaskill*, 298 Ill. App. 3d 260, 264-65, 698 N.E.2d 690, 693 (1998).

■ In this case, defendant did not file a motion to withdraw her guilty plea in the trial court but simply filed a motion to reconsider her sentence. However, her claim on appeal is that the trial court exceeded its authority under section 5—5—6 of the Unified Code of Corrections (730 ILCS 5/5—5—6 (West 1996)) when it ordered restitution in excess of the amount charged in the information, and this allegation may be considered without defendant having filed a motion to withdraw her guilty plea.

■ Section 5—5—6 provides in relevant part:

"In all convictions for offenses in violation of the Criminal Code of 1961 in which the person received any injury to their person or damage to their real or personal property as a result of the criminal act of the defendant, the court shall order restitution as provided in this Section. ***

(a) At the sentencing hearing, the court shall determine whether *** the defendant should be required to make restitution in cash, for out-of-pocket expenses, damages, losses, or injuries found to have been proximately caused by the conduct of the defendant ***." 730 ILCS 5/5—5—6 (West 1996).

■ Defendant argues each act of forgery is separate conduct for which restitution may be ordered under section 5—5—6 and because the State charged her with only one count of forgery for a $100 check, the trial court is limited to ordering restitution only for the amount of the losses caused by her charged conduct. We note, first, as the State indicates, the trial court erred in computing the restitution in any event as the three checks totaled $205 and not $305. However, we also agree with defendant. The trial court is limited to ordering restitution in the amount of $100, in view of *People v. Bradford*, 207 Ill. App. 3d 436, 566 N.E.2d 56 (1991). In *Bradford*, the defendant was charged by indictment with two counts of forgery. The first count was based on a credit card charge of $424.94 and the second count on a $400 check. Defendant later pleaded guilty to the first count and the second was nol-prossed. *Bradford*, 207 Ill. App. 3d at 437, 566 N.E.2d at 57.

However, at sentencing the defendant was ordered to pay restitution in the amount of $1,353.78, the result of eight separate acts of forgery. *Bradford,* 207 Ill. App. 3d at 438, 566 N.E.2d at 58. This court found the trial court had exceeded its authority under section 5—5—6 in ordering restitution in excess of the amount appearing in the indictment as the total restitution amount did not result from the *act* of forgery for which the defendant was being sentenced. *Bradford,* 207 Ill. App. 3d at 438-39, 566 N.E.2d at 58. To the extent the restitution order exceeds the amount appearing in the charge against defendant, the order here is erroneous.

■ The second issue on appeal is whether the trial court erred in ordering defendant to reimburse the county $300 for appointed counsel's fees, where the trial court set the fees without holding a hearing on defendant's ability to pay and prior to services being rendered. The State concedes defendant's contention is correct. Section 113—3.1 of the Code allows a trial court to order a defendant to pay a reasonable sum to reimburse the county for representation by court-appointed counsel. To determine the appropriate amount to be paid, a hearing into the defendant's financial circumstances is required to be held prior to ordering reimbursement. 725 ILCS 5/113—3.1(a) (West 1996).

The supreme court has held section 113—3.1 *requires,* not merely allows, a trial court to "conduct a hearing into a defendant's financial circumstances and find an ability to pay before it may order the defendant to pay reimbursement for appointed counsel." *People v. Love,* 177 Ill. 2d 550, 563, 687 N.E.2d 32, 38 (1997). No hearing was held in this case.

In addition, assessing attorney fees for purposes of reimbursement in advance of the services being rendered is inappropriate. *People v. Cozad,* 158 Ill. App. 3d 664, 672, 511 N.E.2d 211, 217 (1987). In *Cozad,* as in this case, the reimbursement order was entered only minutes after the appointment of counsel. As we noted in *Cozad,* "[t]here was no basis from which the judge could examine the time spent in and out of court or expenses incurred" to support the order of reimbursement. *Cozad,* 158 Ill. App. 3d at 672, 511 N.E.2d at 217.

We vacate the reimbursement order and restitution order and remand for a hearing pursuant to section 113—3.1 and for reduction of the order of restitution; we otherwise affirm the judgment.

Affirmed in part and vacated in part; cause remanded with directions.

COOK and STEIGMANN, JJ., concur.