THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BRIAN P. McCLARD, Defendant-Appellant.

Third District    No. 3—03—0342

Opinion filed August 24, 2005.

Santiago A. Durango, of State Appellate Defender's Office, of Ottawa, for appellant.

Sheldon R. Sobol, State's Attorney, of Morris (Lawrence M. Bauer and Joe Mikula, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McDADE delivered the opinion of the court:

The defendant, Brian P. McClard, was found guilty of forgery (720 ILCS 5/17—3(a)(2) (West 2000)). The trial court sentenced him to eight years' imprisonment. McClard was also ordered to pay $4,776.26 in restitution to the victim, Grundy County National Bank (the bank). McClard appeals his sentence, arguing that the trial court exceeded its

authority in ordering restitution. We vacate the restitution order, but otherwise affirm McClard's sentence.

## FACTS

McClard was charged by criminal complaint with one count of forgery based on the allegation that he attempted to cash a forged check at the bank on or about October 25, 2000. 720 ILCS 5/17—3(a)(2) (West 2000). The complaint was superseded by an indictment which added five counts of forgery based on other checks cashed at the bank on different dates, all prior to October 25, 2000. The account on which all of the checks were purported to be drawn was a business client of the bank. The bank discovered the forgery before it paid out any money for the check McClard attempted to cash on October 25, 2000.

On April 8, 2002, the State nol-prossed five of the six counts of the indictment, leaving only the original count concerning the attempted forgery on October 25. McClard's jury trial commenced on April 9, 2002. At the close of the trial, the jury returned a verdict of guilty.

Prior to the sentencing hearing, a presentence investigation report was prepared by the probation department. Under the victim impact section, the report indicated that the total loss to the bank as a result of the forgeries alleged in the dismissed counts was $4,776.26. The report further recommended that McClard be ordered to pay restitution in that amount to the bank in addition to the sentence imposed.

At the conclusion of the sentencing hearing, the trial court sentenced McClard to eight years' imprisonment. The trial court also ordered McClard to pay $4,776.26 restitution to the bank, over McClard's objection. McClard now appeals the trial court's restitution order.

## ANALYSIS

McClard argues that the trial court lacked statutory authority to order him to pay restitution of $4,776.26 to the bank. Specifically, McClard asserts that the trial court exceeded its authority by ordering restitution based on forgery counts that the State nol-prossed. We agree.

The issue before us is one of first impression. We therefore look to the plain language of the restitution statute for resolution.

■ The restitution statute provides:

"In fixing the amount of restitution to be paid in cash, *** the court shall assess the actual out-of-pocket expenses, losses, damages, and injuries suffered by the victim named in the charge and any other victims who may also have suffered *** losses *** proximately caused by the same criminal conduct of the defendant ***." 730 ILCS 5/5—5—6(b) (West 2000).

The only section of the restitution statute that discusses dismissed charges states:

"In instances where a defendant has more than one criminal charge pending against him in a single case, or more than one case, and the defendant stands convicted of one or more charges, a plea agreement negotiated by the State's Attorney and the defendants may require the defendant to make restitution to victims of charges that have been dismissed or which it is contemplated will be dismissed under the terms of the plea agreement, and under the agreement, the court may impose a sentence of restitution on the charge or charges of which the defendant has been convicted that would require the defendant to make restitution to victims of other offenses as provided in the plea agreement." 730 ILCS 5/5—5—6(d) (West 2000).

We note that the statute allows for restitution for losses arising from dismissed charges as part of the terms of a plea agreement. However, in the instant case, McClard was found guilty of forgery by a jury. The other charges were nol-prossed by the State prior to the commencement of the trial. There is no indication of any plea agreement between the parties. Moreover, McClard did not agree to the restitution. In fact, he specifically objected to it. We find that the section of the statute allowing for restitution for dismissed charges pursuant to a plea agreement does not apply to the instant case.

■ Thus, the trial court could only order restitution for losses proximately caused by McClard's criminal conduct. Here, the criminal conduct for which McClard was convicted was presenting a forged check to the bank for payment on October 25, 2000. Therefore, the only restitution that the trial court had authority to order would have been for losses incurred by the bank solely as a result of the forged check presented by McClard on that date.

Because the forgery for which McClard was convicted was discovered quickly by an alert teller, McClard did not receive any payment for the check. Thus, the bank did not suffer any loss as a result of the forgery for which McClard was convicted. Therefore, we vacate the trial court's order for restitution and otherwise affirm McClard's sentence.

The State argues that in other cases restitution was allowed for losses not specified in the charging instrument. However, because none of the cases cited by the State involve the offense of forgery, we find that they are inapposite. *In re V.L.F.*, 174 Ill. App. 3d 930, 529 N.E.2d 312 (1988) (aggravated battery and attempt to elude police); *People v. Duff*, 152 Ill. App. 3d 896, 505 N.E.2d 36 (1987) (aggravated battery); *People v. Ensley*, 132 Ill. App. 3d 842, 477 N.E.2d 760 (1985)

(theft). In all of these cases, the restitution order properly added losses proximately caused by the criminal conduct of the defendants because all of the acts committed by the defendants involved a single course of conduct. For instance, a theft of multiple items from one party constituted one offense of theft. Thus, losses that were not specifically charged in the indictment but were part of the theft could be included in the restitution order. *Ensley*, 132 Ill. App. 3d 842, 477 N.E.2d 760. In the instant case, by contrast, each forged check presented to the bank constituted a separate offense of forgery. See *People v. Willingham*, 38 Ill. App. 3d 612, 349 N.E.2d 120 (1976). Once the State dismissed the other charges, the trial court, absent a plea agreement, had no authority to order restitution for losses incurred as a result of the dismissed forgery counts.

Though there is no case law directly on point, the case of *People v. Bradford*, 207 Ill. App. 3d 436, 566 N.E.2d 56 (1991), supports our conclusion. In *Bradford*, the defendant was charged with two counts of forgery. *Bradford*, 207 Ill. App. 3d 436, 566 N.E.2d 56. The first count was based on a credit card charge of $424.94, and the second count on a $400 check. *Bradford*, 207 Ill. App. 3d 436, 566 N.E.2d 56. Defendant later pleaded guilty to the first count, and the second was nol-prossed. *Bradford*, 207 Ill. App. 3d 436, 566 N.E.2d 56. However, at sentencing the defendant was ordered to pay restitution in the amount of $1,353.78, which was the result of eight separate acts of forgery. *Bradford*, 207 Ill. App. 3d 436, 566 N.E.2d 56. The reviewing court found that the trial court had exceeded its authority under the restitution statute in ordering restitution in excess of the amount appearing in the indictment, as the total restitution did not result from the act of forgery for which the defendant was being sentenced. *Bradford*, 207 Ill. App. 3d 436, 566 N.E.2d 56.

Likewise, in the instant case, the trial court's restitution order was erroneous. Defendant has been punished for crimes of which he has not been convicted. Moreover, where McClard's conviction was not the result of a guilty plea and the other charges were dismissed, the error here was not cured by the fact that other forged checks appeared in the indictment. Thus, the trial court had no authority to order restitution for those counts.

## CONCLUSION

For the reasons stated, the trial court's order for restitution is

vacated, and defendant's conviction and sentence are otherwise affirmed.

Vacated in part and affirmed in part.

SLATER, P.J., and LYTTON, J., concur.