# Illinois Official Reports

## Appellate Court

---

**People v. Adame, 2018 IL App (2d) 150769**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JERAMY D. ADAME, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-15-0769 |
| Filed | January 9, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 13-CF-3411; the Hon. Daniel B. Shanes, Judge, presiding. |
| Judgment | Vacated in part and modified in part.<br>Cause remanded. |
| Counsel on Appeal | Michael J. Pelletier, Thomas A. Lilien, and April D. Kentala, of State Appellate Defender's Office, of Elgin, for appellant.<br><br>Michael G. Nerheim, State's Attorney, of Waukegan (Patrick Delfino, Lawrence M. Bauer, and Stephanie Hoit Lee, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE SPENCE delivered the judgment of the court, with opinion.<br>Presiding Justice Hudson and Justice Hutchinson concurred in the judgment and opinion. |

**OPINION**

¶ 1      Defendant, Jeramy D. Adame, appeals the trial court's order of restitution and imposition of various fines and fees following his conviction of misdemeanor theft of property not exceeding $500 in value (720 ILCS 5/16-1(a)(1)(A), (b)(1) (West 2012)). He contends that the court improperly ordered $1100 in restitution when it previously found that the evidence was insufficient to show that he took property valued in excess of $500. He also contends that the court improperly imposed a public-defender fee and that two other fees must be reduced. We vacate the restitution order and the public-defender fee and remand for a proper hearing on those matters. We also reduce the two other fees.

¶ 2                       I. BACKGROUND

¶ 3      In January 2012, defendant was charged by information with one count of felony theft, in that he knowingly obtained control of furniture valued in excess of $500 but not in excess of $10,000 (720 ILCS 5/16-1(a)(1)(A), (b)(4) (West 2012)). On October 9, 2012, the date that the case was set for trial, the State nol-prossed the charge. Defendant was charged a $250 public-defender fee.

¶ 4      On November 27, 2013, the State again charged defendant with felony theft and added counts of theft and criminal damage to property. Defendant filed a certificate of assets showing that he was unemployed and that his only source of income was food stamps. A public defender was appointed. On April 20, 2015, a jury trial was held on the theft charges.

¶ 5      At trial, there was evidence that defendant rented a house from Betty and Lester McCaffery. While renting the house, defendant owned a hutch that was designed to sit atop a credenza. Betty allowed defendant to use her credenza for the hutch. Defendant was later evicted, and the McCafferys called the police to report that defendant had taken the credenza and an engine that they had stored at the house.

¶ 6      Betty estimated that the credenza was about 10 years old. As evidence of value, the State offered a printout of a new "Old Door Reclaimed Wood Credenza" on sale at a website for $1099.99. Betty admitted that the printout did not depict the credenza that had been taken. She said that the police asked her to look through pictures online to find the same kind of credenza and that, when she was unable to find it, she selected an "average type" of credenza. She said that she was drawn to the one in the printout because of the length of the legs and the fact that it had drawers. The credenza that was taken was made of maple instead of reclaimed wood. In response to defense counsel's concerns about the admissibility of the printout, the court held that the difference between the credenzas went to the weight of the evidence and not the admissibility. A photograph that defendant had taken of the credenza was also admitted into evidence. It showed scratches on the top of the credenza. Betty testified that it was not in that condition when she originally left it with defendant.

¶ 7      The jury found defendant not guilty of theft of the engine and guilty of theft of the credenza. Defendant filed a posttrial motion, arguing that the State failed to prove that the fair market value of the credenza was over $500 and seeking a judgment of the lesser included offense of misdemeanor theft of property not exceeding $500 in value. The trial court granted the motion, finding that there was insufficient evidence that the credenza was valued at more than $500. The sentencing hearing was held immediately after.

¶ 8    At sentencing, the court reviewed the presentence investigation report (PSI). The PSI was corrected without objection to reflect Betty's testimony that the credenza was worth $1100. In regard to restitution, defense counsel asked that the court allow defendant to return the credenza. Defendant was sentenced to probation and 120 days' periodic imprisonment. Without objection from defendant, the court also ordered $1100 in restitution, noting that it was not ordering the credenza returned since it was not convinced that the credenza was in substantially the same condition as when it was taken. The court assessed various fines and fees, including two $12 assessments for court automation and for the state police operations fund.

¶ 9    The court also imposed a public-defender fee. Before doing so, the court stated that it could hold a hearing on the fee as part of the sentencing hearing, adding "[o]f course, I know a lot about the situation from the PSI and the argument." The court then asked defense counsel, "[i]s there anything in addition or do you want a separate hearing on what the fee for a Public Defender should be or can I do it all now?" Counsel replied, "[y]ou can do it all now, Judge." When asked if there was anything to add, defense counsel replied that there was not. Without any analysis as to how it reached the figure, the court then imposed $250 for the public-defender fee. The PSI indicated that defendant had income of $300 per month plus food stamps, lived expense-free with his grandparents, owned a 1996 Ford Taurus, and had approximately $10,000 in medical debt. Defendant appeals.

¶ 10                                    II. ANALYSIS

¶ 11    Defendant first argues that it was plain error for the trial court to order restitution of $1100 when it specifically found that the State failed to prove beyond a reasonable doubt that the credenza was worth more than $500. In the alternative, defendant argues that his counsel was ineffective for failing to challenge the restitution amount.

¶ 12    Ordinarily, a sentencing issue, like restitution, not raised during the sentencing hearing or in a postsentencing motion results in forfeiture of that issue on appeal. *People v. Higgins*, 2014 IL App (2d) 120888, ¶ 6. However, plain error may be considered. *People v. Jones*, 206 Ill. App. 3d 477, 482 (1990). "To obtain relief under the plain-error rule, a defendant must first show 'a clear or obvious error.' " *People v. Johnson*, 2017 IL App (2d) 141241, ¶ 42 (quoting *People v. Hillier*, 237 Ill. 2d 539, 545 (2010)). " 'In the sentencing context, a defendant must then show either that (1) the evidence at the sentencing hearing was closely balanced, or (2) the error was so egregious as to deny the defendant a fair sentencing hearing.' " *Id.* (quoting *Hillier*, 237 Ill. 2d at 545). "Under either prong, the defendant has the burden of persuasion." *Id.*

¶ 13    A trial court is authorized to order restitution as part of a defendant's sentence in any criminal case. 730 ILCS 5/5-5-6, 5-6-3(b)(8) (West 2012). The court may impose "restitution in cash, for out-of-pocket expenses, damages, losses, or injuries found to have been proximately caused by the conduct of the defendant." 730 ILCS 5/5-5-6(a) (West 2012). It is within the court's sound discretion whether to order restitution in a criminal case, and we will overturn the court's ruling only if it was an abuse of discretion. *In re Shatavia S.*, 403 Ill. App. 3d 414, 418 (2010).

¶ 14    "Restitution should be determined by using the fair market value of the property at the time the property was damaged or destroyed." *People v. Jones*, 145 Ill. App. 3d 835, 839 (1986). "Alleged losses which are unsupported by the evidence must not be used as a basis for

- 3 -

awarding restitution." *Jones*, 206 Ill. App. 3d at 482. "The court must determine the actual costs incurred by the victim; a guess is not sufficient." *People v. Dickey*, 2011 IL App (3d) 100397, ¶ 25. Evidence of value can be found in the PSI. *Id.* ¶ 26.

¶ 15    "A defendant may be ordered to make restitution if the losses sustained 'were proximately caused by the same criminal conduct of the defendant as that of which he was convicted.' " *People v. Fontana*, 251 Ill. App. 3d 694, 706 (1993) (quoting *People v. Nicholl*, 210 Ill. App. 3d 1001, 1013 (1991)). "The court may order restitution for losses incurred by the same victim as the result of the same criminal conduct of the defendant, even if those losses were not set forth in the charging instrument." *Id.* "However, restitution is improper for matters unrelated to the charges at issue." *Id.*

¶ 16    Accordingly, in *People v. Bradford*, 207 Ill. App. 3d 436 (1991), the defendant was charged with two counts of forgery. The first count was based on a credit-card charge of $424.94 and the second count on a $400 check. The defendant pleaded guilty to the first count, and the second was nol-prossed. At sentencing, the defendant was ordered to pay restitution in the amount of $1353.78 based on eight separate acts of forgery. The Fourth District found that the trial court had exceeded its authority under section 5-5-6, because the total restitution amount did not result from the act of forgery for which the defendant was being sentenced. *Id.* at 439. Likewise, in *People v. McClard*, 359 Ill. App. 3d 914, 917 (2005), the Third District held that the trial court exceeded its authority when it ordered restitution based on nol-prossed forgery charges because the defendant thus was punished for crimes of which he had not been convicted. We have also stated that a trial court may not impose restitution for charges upon which a defendant has been acquitted. *People v. Owens*, 323 Ill. App. 3d 222, 234 (2001).

¶ 17    Here, clear error occurred. The only evidence of fair market value was an online listing of a new credenza made of different materials. There was no evidence at all of the value of a 10-year-old maple credenza. Accordingly, the trial court specifically found that the State failed to prove that the credenza had a fair market value over $500. Thus, the trial court incorrectly ordered restitution in an amount that was unsupported by the evidence and that effectively punished defendant for the crime of felony theft that he was not convicted of.[1]

¶ 18    The next question is whether the error amounted to plain error. Defendant argues that the second prong of the plain-error doctrine applies. He does not argue that the evidence was closely balanced.

¶ 19    "[O]nly an extraordinarily serious error" renders a proceeding unfair within the meaning of the second prong of the plain-error doctrine. *Johnson*, 2017 IL App (2d) 141241, ¶ 51. Second-prong plain error is analogous to structural error, or "an error affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself." (Internal quotation marks omitted.) *Id.*

¶ 20    In *Jones*, we found plain error when a restitution award was not supported by the evidence, noting that the error affected substantial rights. *Jones*, 206 Ill. App. 3d at 482. The Third District has also reviewed restitution orders for plain error. *People v. Rayburn*, 258 Ill. App. 3d 331, 335 (1994). Defendant also points to *People v. Lewis*, 234 Ill. 2d 32 (2009), to argue that the imposition of restitution without evidentiary support is second-prong plain error.

_____

[1]Because no additional evidence of fair market value was offered at sentencing, we do not address whether the court's award could have been sustained by such evidence.

- 4 -

¶ 21    In *Lewis*, a case involving a controlled-substance offense, the trial court improperly imposed a $100 street-value fine without evidentiary support as to the value of the controlled substance. Our supreme court determined that second-prong plain error applied. The court stated that plain-error review encompasses matters affecting the fairness of the proceeding and the integrity of the judicial process. *Id.* at 47. The court noted that the error was more than a simple mistake in setting the fine. Rather, it was a failure to provide a fair process for determining the fine based on the current street value of the controlled substance. The court stated that plain-error review was appropriate because imposing the fine without evidentiary support implicated the right to a fair sentencing hearing. *Id.* at 48. The court further stated that "[t]he integrity of the judicial process is also affected when a decision is not based on applicable standards and evidence, but appears to be arbitrary." *Id.*; see also *People v. Rogers*, 2015 IL App (2d) 130412, ¶ 80 (the imposition of an unauthorized sentence affects substantial rights and plain-error review extends to such a matter).

¶ 22    The State relies on the Fourth District case of *People v. Hanson*, 2014 IL App (4th) 130330, which declined to follow our decision in *Jones*, to argue that plain error does not apply. There, the trial court ordered restitution of $490.82, even though the defendant was convicted of criminal damage to property not exceeding $300 and the only evidence of damage in the record was a statement in the PSI that it was less than $300. The Fourth District criticized *Jones*, noting that this court failed to elaborate as to why the absence of evidence supporting the restitution amount constituted an error affecting substantial rights. *Id.* ¶ 36. The Fourth District noted that the plain-error doctrine is a narrow and limited exception to the general rule of forfeiture and that the court would not automatically apply the doctrine to forfeited claims involving sentencing. *Id.* ¶¶ 27, 29. The court then rejected the argument that all errors pertaining to a restitution order are *per se* plain error or affect substantial rights. *Id.* ¶¶ 38-40. The court noted that the defendant essentially contended that the trial court committed plain error by accepting the State's representation that the restitution amount was $490.82 without hearing evidence to support the accuracy of the amount. *Id.* ¶ 40. The court rejected that argument, stating that perhaps the trial court accepted the amount because the defendant did not contest it. Meanwhile, section 5-5-6 did not mandate that restitution be based on any specific type of evidence, nor did it prohibit the parties from stipulating to the proper amount. *Id.* As a result, the court did not consider the error sufficiently grave that it deprived the defendant of a fair hearing. *Id.*

¶ 23    We adhere to *Jones*, especially in light of *Lewis*. In any event, *Hanson* is distinguishable. In *Hanson*, there was no indication that the restitution amount did not accurately reflect the victim's damages; "[t]he only alleged error [was] the absence of some type of auto-shop receipt or testimony in the record proving that the victim incurred $490.82 in damage to her car." *Id.* Here, the trial court specifically found that the State's evidence of value was inaccurate, yet it nevertheless relied on that same evidence to impose restitution. In doing so, the court effectively sentenced defendant for the felony theft of which he had been acquitted. By any standard, the error here was structural and second-prong plain error. Accordingly, we vacate the restitution order and remand the cause for a new hearing on the matter. Because we vacate the order on plain-error grounds, we do not address defendant's argument that his counsel was ineffective.

¶ 24    Defendant next argues that the $250 public-defender fee imposed at sentencing should be vacated because the trial court failed to conduct a hearing to determine his ability to pay. He

also contends that the fee was improperly duplicative. The State contends that a proper hearing was held or, in the alternative, that at least some sort of hearing, albeit an insufficient one, was held and that a remand is appropriate. The State also contends that the fee was not duplicative.

¶ 25    Section 113-3.1(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/113-3.1(a) (West 2012)) authorizes the trial court to order a criminal defendant for whom counsel has been appointed to pay a reasonable amount to reimburse the county or the State. Specifically, it provides:

> "In a hearing to determine the amount of the payment, the court shall consider the affidavit prepared by the defendant under Section 113-3 of this Code and any other information pertaining to the defendant's financial circumstances which may be submitted by the parties. Such hearing shall be conducted on the court's own motion or on motion of the State's Attorney *** but no later than 90 days after the entry of a final order disposing of the case at the trial level." 725 ILCS 5/113-3.1(a) (West 2012).

¶ 26    Applying that section, the court is required to conduct, within the specified time period, a hearing into the defendant's financial resources to determine his ability to pay reimbursement. *People v. Love*, 177 Ill. 2d 550, 556 (1997); *People v. Castillo*, 2016 IL App (2d) 140529, ¶ 13. "To comply with the statute, the court may not simply impose the fee in a perfunctory manner." *People v. Somers*, 2013 IL 114054, ¶ 14. "Rather, the court must give the defendant notice that it is considering imposing the fee, and the defendant must be given the opportunity to present evidence regarding his or her ability to pay and any other relevant circumstances." *Id.* "The hearing must focus on the costs of representation, the defendant's financial circumstances, and the foreseeable ability of the defendant to pay." *Id.* "The trial court must consider, among other evidence, the defendant's financial affidavit." *Id.* Thus, asking a few questions about the defendant's employment status is insufficient. *Id.* The hearing is also insufficient when nothing in the record shows that the court considered the certificate of assets, which functions as the defendant's financial affidavit, before it imposed the fee. *Castillo*, 2016 IL App (2d) 140529, ¶¶ 3, 15. Further, forfeiture does not apply. *Id.* ¶ 5 (citing *Love*, 177 Ill. 2d at 564).

¶ 27    When a court fails to hold a hearing at all, and the State does not argue that the 90-day time limit is directory instead of mandatory, we vacate the fee outright. *Id.* ¶ 15. If "some sort of a hearing" was conducted, but nevertheless was insufficient, then a remand for a proper hearing is appropriate. *Somers*, 2013 IL 114054, ¶¶ 15, 17. Whether the court complied with section 113-3.1(a) presents a question of law, which we review *de novo*. *People v. Gutierrez*, 2012 IL 111590, ¶ 16.

¶ 28    After we heard oral arguments in this case, our supreme court clarified that "some sort of a hearing" encompasses a proceeding that meets the ordinary definition of a hearing as denoted in Black's Law Dictionary. *People v. Hardman*, 2017 IL 121453, ¶¶ 64, 66. There, the term "hearing" is defined as a "judicial session usu[ally] open to the public, held for the purpose of deciding issues of fact or of law, sometimes with witnesses testifying." (Internal quotation marks omitted.) *Id.* ¶ 64 (quoting Black's Law Dictionary 725 (7th ed. 1999)).

¶ 29    Here, the trial court's inquiry was insufficient. The court made no reference to the costs of representation or to defendant's ability to pay. It did make note of the PSI, but nothing in the record establishes that the court considered the certificate of assets, which is expressly required by statute. However, "some sort of a hearing" was held. A judicial session occurred, in which

the fee was discussed and considered. The hearing also occurred within the 90-day time limit. Accordingly, we remand for a proper inquiry concerning imposition of the fee. See *id.¶* 66.

¶ 30    Defendant also argues that the duplicative fee was unauthorized and that it should be vacated outright on that basis. We note that nothing in the statute limits a court to only one fee per case. Instead, the statute reads: "*Whenever \*\*\* the court appoints counsel to represent a defendant*, the court may order the defendant to pay \*\*\* a reasonable sum to reimburse either the county or the State for such representation." (Emphasis added.) 725 ILCS 5/113-3.1(a) (West 2012). Here, counsel was appointed twice, and presumably additional resources were expended in representing defendant the second time. Thus, a second fee could be appropriate. Whether there were additional costs expended after the initial charge was nol-prossed and the extent of defendant's ability to pay are appropriate inquiries for the court to make on remand.

¶ 31    Finally, defendant argues that the $12 assessments for court automation and the state police operations fund must be reduced to $7. The State concedes that the assessments must be reduced. A county board is authorized to collect a court-automation fee of not less than $1 and not more than $15. 705 ILCS 105/27.3a(1) (West 2012). A fee for the state police operations fund may also be collected in an amount equal to the court-automation fee. 705 ILCS 105/27.3a(1.5) (West 2012). Lake County has set the court-automation fee at $7. Lake County Code § 35.23 (adopted Sept. 9, 2008). Accordingly, we reduce the fees to $7 each.

¶ 32                                    III. CONCLUSION

¶ 33    The restitution order was plain error, and the court failed to hold a proper hearing on the public-defender fee. Accordingly, we vacate the restitution order and the public-defender fee and remand for a determination of the proper amount of restitution and a proper hearing on the public-defender fee. We also reduce the state-police-operations-fund fee and the court-automation fee to $7 each.

¶ 34    Vacated in part and modified in part.

¶ 35    Cause remanded.