**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 180404-U

Order filed September 21, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, La Salle County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-18-0404 Circuit No. 17-CF-187 |
| TIMOTHY M. RIOS, | ) ) ) | Honorable Cynthia M. Raccuglia, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE SCHMIDT delivered the judgment of the court.
Presiding Justice Lytton and Justice O'Brien concurred in the judgment.

**ORDER**

¶ 1     *Held*: Any error resulting from the court's failure to consider defendant's ability to pay in determining whether restitution should be paid in a single payment or installments was cured. The court erred in failing to set forth on the record the losses incurred by the recipient of the restitution award.

¶ 2     Defendant, Timothy M. Rios, argues that the La Salle County circuit court erred in ordering him to pay restitution to Holly Iverson because the court failed to consider defendant's ability to pay, and the State presented no evidence that Iverson incurred any out-of-pocket expenses, damages, or losses. We affirm and remand with directions.

¶ 3                                    I. BACKGROUND

¶ 4         A grand jury charged defendant with theft (720 ILCS 5/16-1(a)(2)(A) (West 2016)). The indictment indicated that the victim was Tia Marquez.

¶ 5         Defendant entered an open plea of guilty with no agreement as to sentencing. As a factual basis for the plea, the State indicated that it would call officers to testify that they were dispatched to the Espresso Bean Box to investigate a subject who had used counterfeit currency. They spoke with Marquez, who reported that defendant exchanged a counterfeit $100 bill for five $20 bills from her wallet. The officers interviewed defendant, and defendant admitted to being present and exchanging the $100 bill with Marquez. Although the State did not mention it when giving a factual basis for the plea, the State had previously indicated at defendant's first appearance hearing that Marquez worked at the Espresso Bean Box. The court accepted the plea.

¶ 6         Following a sentencing hearing, the court sentenced defendant to five years' imprisonment. The parties did not discuss restitution at the sentencing hearing, and the court did not orally order defendant to pay restitution. However, the written sentencing order stated: "The defendant shall pay restitution in the amount of $100.00 to the La Salle County Circuit Clerk for the benefit of Holly Iverson, Espresso Bean Box *** by November 18, 2022." The order listed an address for Iverson as well.

¶ 7         Defendant filed a motion to reconsider sentence arguing that his five-year sentence of imprisonment was excessive. The motion stated that "the Defendant would be willing, as was ordered as part of his sentencing, to compensate the victim for his criminal conduct for the damage she sustained." At the hearing on defendant's motion to reconsider sentence, defense counsel stated that defendant was "certainly able and would be willing to compensate the victim for the criminal conduct which is, essentially, a reimbursement of $100." The court denied the motion.

¶ 8                                    II. ANALYSIS

¶ 9        Defendant argues that the circuit court erred in ordering him to pay restitution to Iverson because the court failed to consider defendant's ability to pay, and the State presented no evidence that Iverson incurred any out-of-pocket expenses, damages, or losses. Defendant contends that the restitution order should be vacated, and the matter should be remanded for a hearing to determine who should be awarded restitution, defendant's ability to pay, and a payment schedule, if necessary.

¶ 10       Defendant concedes that he failed to preserve this issue but requests that we review it under the second prong of the plain-error doctrine. A reviewing court may consider an unpreserved error under the second prong of the plain-error doctrine when "a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). "The first step of plain-error review is determining whether any error occurred." *People v. Thompson*, 238 Ill. 2d 598, 613 (2010).

¶ 11       We first address defendant's argument that his restitution order was improper because the court failed to consider his ability to pay. Section 5-5-6(f) of the Unified Code of Corrections (Code) (730 ILCS 5/5-5-6(f) (West 2016)) provides:

> "Taking into consideration the ability of the defendant to pay, including any real or personal property or any other assets of the defendant, the court shall determine whether restitution shall be paid in a single payment or in installments, and shall fix a period of time not in excess of 5 years, *** not including periods of incarceration, within which payment of restitution is to be paid in full."

3

¶ 12 Section 5-5-6(f) of the Code "requires a court to consider the ability to pay only in conjunction with the method of payment, not in consideration of whether restitution should be ordered." *People v. Hamilton*, 198 Ill. App. 3d 108, 114 (1990); *People v. Mitchell*, 241 Ill. App. 3d 1094, 1097-98 (1993). Accordingly, to the extent that defendant is arguing that the court erred in failing to consider his ability to pay in ordering him to pay restitution, we reject defendant's argument.

¶ 13 To the extent that defendant is arguing that the court failed to consider his ability to pay in determining whether restitution should be paid in a single payment or installments, we find that the court failed to conduct this analysis, which is required under section 5-5-6(f) of the Code. However, any error in failing to conduct this analysis was cured by defense counsel's representations at the hearing on the motion to reconsider sentence that defendant was willing and able to pay the restitution ordered by the court. Because the error was cured, this did not amount to plain error.

¶ 14 We next turn to defendant's argument that the court erred in ordering that restitution be made to Iverson without assessing her out-of-pocket expenses, damages, or losses. Section 5-5-6(b) of the Code (730 ILCS 5/5-5-6(b) (West 2016)) provides:

> "In fixing the amount of restitution to be paid in cash, *** the court shall assess the actual out-of-pocket expenses, losses, damages, and injuries suffered by the victim named in the charge and any other victims who may also have suffered out-of-pocket expenses, losses, damages, and injuries proximately caused by the same criminal conduct of the defendant ***."

"In order for the amount of restitution set to be valid, the court must calculate the expenses involved." *People v. Guajardo*, 262 Ill. App. 3d 747, 770 (1994). This should be done on the record. *Id.*

¶ 15　　Here, the court erred in ordering defendant to pay restitution to Iverson without assessing the losses that Iverson suffered as a result of his criminal conduct. This error is reviewable under the second prong of the plain error doctrine. See *People v. Jones*, 206 Ill. App. 3d 477, 482 (1990) (holding that second-prong plain error occurred where alleged losses were unsupported by the evidence); see also *People v. Adame*, 2018 IL App (2d) 150769, ¶ 23; *People v. Rayburn*, 258 Ill. App. 3d 331, 335 (1994). While the record in this case supports a restitution award of $100 to Marquez, the record does not indicate what losses Iverson suffered. The sentencing order indicates that Iverson is affiliated with the Espresso Bean Box. We speculate that Marquez may have been reimbursed for the stolen money by her employer, which would explain the awarding of restitution to another individual affiliated with the Espresso Bean Box. However, this is merely speculation. Accordingly, we remand the matter for the circuit court to set forth on the record what losses Iverson suffered that entitled her to the $100 restitution award. See *Guajardo*, 262 Ill. App. 3d at 770.

¶ 16　　We decline the State's invitation to take judicial notice of the fact that Iverson is the owner of the Espresso Bean Box and that the address set forth in the restitution order is her home address. The State indicates that its sources for this information are two websites: https://www.starvedrockcountry.com/ and https://www.nuwber.com/. We do not believe that these websites are sources of indisputable accuracy. See *People v. Fisher*, 184 Ill. 2d 441, 455 (1998) ("Courts may take judicial notice of matters which are commonly known, or, if not commonly known, are readily verifiable from sources of indisputable accuracy."). We also do not believe that

5

these websites are tantamount to "mainstream Internet sites such as MapQuest and Google Maps," which courts have found are reliable enough to support requests for judicial notice. See *People v. Clark*, 406 Ill. App. 3d 622, 633 (2010).

¶ 17　　　　Finally, we decline the State's request to issue a *nunc pro tunc* order substituting Marquez's name for Iverson's name in the restitution order. This would be a substantive change in the order, not the correction of a clerical error. "A *nunc pro tunc* entry may not be used to supply omitted judicial action, correct judicial errors under the pretense of correcting clerical errors, or cure a jurisdictional defect." *Kooyenga v. Hertz Equipment Rentals, Inc.*, 79 Ill. App. 3d 1051, 1056 (1979).

¶ 18　　　　　　　　　　　　　　III. CONCLUSION

¶ 19　　　　For the foregoing reasons, we affirm the judgment of the circuit court of La Salle County. We remand the matter to the circuit court with directions to set forth on the record the losses incurred by Iverson that support its $100 restitution award. If the court determines that Marquez, rather than Iverson, is entitled to the restitution award, we direct the court to vacate its order awarding restitution to Iverson and enter a new order awarding restitution to Marquez.

¶ 20　　　　Affirmed and remanded with directions.