MARGARET WOODS *et al.*, Plaintiffs-Respondents, v. RITA L. DURKIN, Ex'r of the Will of Thomas J. Durkin, Deceased, Defendant-Petitioner.

Third District No. 3—87—0839

Opinion filed June 2, 1989.

Max D. Cartwright, of Bozeman, Neighbour, Patton & Noe, of Moline (Robert J. Noe, of counsel), for appellant.

Paul O'Malley, Ltd., of Chicago (Paul R. O'Malley, of counsel), for appellees.

JUSTICE STOUDER delivered the opinion of the court:

The appeal is from the trial court's order dated November 24, 1987, wherein the court denied defendant's motion for reconsideration of an order vacating prior orders but allowed defendant's motion for clarification and certification pursuant to Supreme Court Rule 308 (107 Ill. 2d R. 308). The trial court found that its order involved a question of law as to which there was substantial ground for difference of opinion and that an immediate appeal from the order would materially advance the ultimate termination of the litigation. As observed by the parties, the certified question for review is:

"Whether a judge, after disclosing that his daughter-in-law is employed as an associate by the firm representing the defendant, has the discretion to proceed, in the absence of immediate availability of a litigant, upon assurance by that party's attorney that he has no objection to proceeding even though a written waiver of disqualification under Supreme Court Rule 63 is not immediately filed by the party and his or her attorney."

This medical negligence case was filed on June 7, 1982. On Jan-

uary 14, 1987, defendant filed a motion to dismiss pursuant to Supreme Court Rule 219 (107 Ill. 2d R. 219) and section 2—619 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619), requesting that the cause be dismissed with prejudice on the basis of plaintiffs' failure to comply with prior court orders relating to discovery matters. The motion was set for hearing on March 6, 1987, and was assigned to Honorable Wilbur S. Johnson.

At the hearing, attorney Glenn Ruud appeared as local counsel and attorney Paul R. O'Malley appeared by telephone on behalf of plaintiffs. Attorney Robert J. Noe of the law firm of Bozeman, Neighbour, Patton & Noe appeared on behalf of defendant. Before hearing any arguments, Judge Johnson disclosed on the record that his daughter-in-law was an associate in the law firm that was representing defendant and that "under the Supreme Court Rules, the Court is required to have executed a waiver permitting this court to hear any matters involving that firm." The judge then stated:

> "It is my understanding that the waiver is technically supposed to be signed by all attorneys and all parties and presented in open court. I will further advise you that Mr. O'Malley in a telephone conversation with me this morning did waive my prohibition of hearing the cause and said I was free to hear the matter. Mr. Noe.
>
> MR. NOE: We would certainly waive it.
>
> THE COURT: Mr. Ruud.
>
> MR. RUUD: Mr. O'Malley confirmed the same indication the court made regarding his willingness to have this court hear the matter.
>
> THE COURT: The court will hear the matter if there is [sic] no further objections to my hearing it."

Attorney Ruud next presented an oral motion to continue defendant's motion to dismiss based upon the unavailability of Mr. O'Malley, plaintiffs' primary attorney. The court denied the motion to continue, at which time Mr. Ruud asked that Mr. O'Malley be contacted and allowed to argue the motion to dismiss via telephone conference. Without objection, the court allowed the request. After hearing arguments, the trial court found that plaintiffs had not complied with a prior order dated August 15, 1986, relating to discovery and therefore granted defendant's motion, with execution to take effect unless plaintiffs complied with the prior order and paid $500 to defendant's attorney, all within 14 days.

Instead of complying with the March 6 order, plaintiffs subsequently filed two motions to vacate, one for the March 6 order and

the other for the August 15, 1986, order. These two motions were set before Judge Johnson with the motion to vacate the order of March 6, 1987, being heard on April 8, 1987. After arguments, the court entered an order dated April 8, 1987, denying plaintiffs' motion to vacate the March 6, 1987, order but staying execution of that order 30 days, pending a hearing on plaintiffs' motion to vacate the August 15, 1986, order. Judge Johnson also stated in the order that the court would hear no further motions until such time that the parties and their counsel complied with Supreme Court Rule 63(D) (107 Ill. 2d R. 63(D)) on remittal of disqualification of a judge.

Plaintiffs' motion to vacate the order of August 15, 1986, was subsequently denied by the trial judge who entered that order. Additionally, defendant filed her remittal of disqualification on April 28, 1987, but no such remittal was ever filed by plaintiffs or their counsel.

On May 7, 1987, plaintiffs filed a motion for voluntary dismissal and a motion to vacate the prior orders of March 6 and April 8, 1987. The motion to vacate the previous orders alleged that those orders were null and void because a signed written remittal of disqualification of Judge Johnson was not filed by all parties and their counsel before or after the hearings on March 6 and April 8, 1987. Arguments on the motion to vacate were heard by Judge Johnson on August 31, 1987, and by order filed September 9, 1987, the court vacated the prior orders of March 6 and April 8, 1987.

Defendant then filed a motion for reconsideration or, in the alternative, for clarification pursuant to Supreme Court Rule 308 (107 Ill. 2d R. 308). At the hearing on this motion, plaintiff Margaret Woods testified that she first became aware of the circumstances surrounding Judge Johnson's involvement during May or June of 1987. She denied, however, that the judge's prior adverse rulings were a factor in her decision not to sign a waiver of disqualification. On November 24, 1987, Judge Johnson entered an order wherein the court found that it was without discretion in the matter and thus required to vacate the prior orders of March 6, 1987, and April 8, 1987, pursuant to Supreme Court Rule 63. The court further found that the order involved a question of law as to which there was substantial ground for difference of opinion and an immediate appeal from the order would materially advance the ultimate termination of the litigation. Accordingly, the court denied defendant's motion for reconsideration and certified the question previously quoted.

The rule regarding such matters is clear. Supreme Court Rule 63 (107 Ill. 2d R. 63) provides, in relevant part, as follows:

"C. Disqualification.

(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where

\* \* \*

(e) he or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person;

\* \* \*

(ii) is acting as a lawyer in the proceeding \*\*\*." 107 Ill. 2d R. 63(C)(1)(e).

In the instant case, the judge himself brought the conflict to the attention of the attorneys before the trial began, thus creating a *prima facie* case of disqualification. Thus, the judge did not have discretion on whether or not he could continue the case; he was disqualified.

The defendant relies on *United States ex rel. Weinberger v. Equifax, Inc.* (5th Cir. 1977), 557 F.2d 456, which held that the fact that a judge's son's law firm participated in proceedings before the judge did not, in itself, require disqualification. That case, however, is distinguishable from the present case. In *Weinberger* the "judge's conflict" issue did not arise until after trial. The judge in *Weinberger* did not disqualify himself before the proceedings began.

This is not a case where the grounds for disqualification were discovered by the parties or by counsel of one of the parties. On the contrary, this is a case where the judge, at the first hearing, determined that he was disqualified. Judge Johnson's declaration of disqualification is completely in accordance with the ethical canons (107 Ill. 2d R. 63), and he is to be commended for being so forthright in complying with the canons. However, while we are sympathetic to Judge Johnson's position in proceeding with the case, his actions in proceeding were contrary to the provisions of the canons. (107 Ill. 2d R. 63.) The provisions are mandatory; they are addressed to the judge and require that he disqualify himself in certain circumstances. Thus, Judge Johnson was disqualified and should not have continued unless the remittal of disqualification requirements (107 Ill. 2d R. 63(D)) were satisfied.

Consequently, the issue to be addressed is whether, based upon the oral waiver of the attorneys, the remittal of disqualification requirements (107 Ill. 2d R. 63(D)) were fulfilled so Judge Johnson could continue hearing the matter.

■ The remittal of disqualification section provides, in relevant part:

"A judge disqualified *** may, instead of withdrawing from the proceeding, disclose on the record the basis of his disqualification. If, based on such disclosure, the parties and lawyers, independently of the judge's participation, all agree in writing that the judge's relationship or interest is immaterial, the judge is no longer disqualified and may participate in the proceeding. The agreement, signed by all parties and lawyers, shall be incorporated in the record of the proceeding." 107 Ill. 2d R. 63(D).

In this case there is no claim made that either party waived the disqualification orally or otherwise. There is no evidence that either attorney advised his client of the disqualification. Further, neither party was in court nor did they join in the oral waiver which their attorneys presented to the court over the telephone.

The applicable rule and requirements for the remittal of disqualification of a judge are clear. In order to execute a valid waiver, both parties and attorneys are required to properly execute the waiver and it is to become part of the official record. (107 Ill. 2d R. 63(D).) The mere fact that the parties' attorneys orally waived the provision does not fulfill the requirements and does not result in an effective waiver of those requirements.

We emphasize, the rule requires written waiver by each party and each attorney. Even if the oral waiver of the attorneys at the time of the hearing was given some significance, it is undisputed that neither of the litigants appeared in open court, neither of the litigants waived the disqualification, and neither of the litigants executed a written waiver of the disqualification.

We believe the judge and the attorneys failed to understand or apply the ethical standard and share the responsibility for the problems created. We note that if the rulings had been adverse to the defendant rather than the plaintiff, the defendant could now be claiming that the judge should not have proceeded.

Although it seems to have been assumed by the parties that where a conflict exists, only the party unrelated to the judge should be concerned, this is not true, because the client may believe that when the judge is related to the attorney an additional burden will be assumed in order to counteract any appearance of impropriety.

In summary, where the judge has declared his disqualification as occurred in the instant case, the proceedings should terminate until such disqualification is waived in accordance with the plain meaning of the rule. Consequently, the trial court's decision, denying defendant's motion for reconsideration based upon the judge's disqualifica-

tion, is affirmed.

For the foregoing reasons the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

BARRY and SCOTT, JJ., concur.