THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MARTIN JONES, Defendant-Appellant.

Second District   No. 2—88—0543

Opinion filed December 24, 1990.

478

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and Michael J. Pelletier and Janice Lynn Triptow, both of State Appellate Defender's Office, of Chicago, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William H. Hall, Assistant State's Attorney, of Springfield, and William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WOODWARD delivered the opinion of the court:

Following a bench trial on May 25, 1988, defendant, Martin Jones, was convicted of the offense of forgery (Ill. Rev. Stat. 1987, ch. 38, par. 17—3(a)(2)) for having presented a forged check to open an account at the Gary-Wheaton Bank in the amount of $649.98 drawn from the account of Essie D. Lee and made payable to "Kenneth Jones." The check had apparently been stolen from Lee, a co-worker of defendant. At the time the check was presented to the bank on January 15, 1988, defendant received $50 in cash proceeds from Margaret Chilicki, the personal banker who assisted defendant in opening the account. On June 2, 1988, the trial court imposed a sentence of two years' imprisonment and ordered defendant to pay restitution to the bank in the amount of $1,938.98.

Defendant appeals, asserting that (1) he did not receive a fair trial by an impartial judge because, at the beginning of the State's case, the trial judge informed defendant in open court that the judge was a depositor and had loans at the bank in question and orally offered defendant an opportunity to have a change in judges, and defendant orally waived a change in judges, but no written waiver was executed according to Supreme Court Rules 63C(1)(d) and D regarding the disqualification of judges (113 Ill. 2d Rules 63C(1)(d), D); and (2) the amount of restitution ordered was excessive and is not supported by the evidence. We find no basis to reverse defendant's conviction, and it is therefore affirmed. However, the record does not support the amount of restitution defendant was ordered to pay as part of his sentence. We therefore affirm defendant's sentence as to the term of imprisonment, we vacate his sentence as to the amount of restitution imposed, and we remand the cause for an evidentiary

hearing to redetermine the amount of restitution defendant should be ordered to pay.

The record reveals the following additional relevant facts. At trial, Margaret Chilicki testified that, on January 15, 1988, at 6 p.m., she was working at the Gary-Wheaton Bank in Wheaton, Du Page County, Illinois. At that point in her testimony, the trial judge interjected to defense counsel that he had a checking account at that bank and had loans there. The trial judge asked defense counsel to confer with his client and offered defendant the opportunity to change judges, adding that the trial would likely proceed the same day. After conferring with his client, defense counsel stated that defendant saw no conflict and would not be asking for another judge.

Chilicki then continued her testimony, stating that defendant presented her with a check numbered 198 drawn on the account of Essie D. Lee at St. Paul Bank and made out to Kenneth Jones in the amount of $649.98 and that defendant wished to open an account at the bank. Defendant had a driver's license and military identification card. Chilicki opened the account and gave defendant $50 in cash proceeds as he had requested. Approximately an hour later, defendant returned to the bank and requested more money from the opening deposit, but Chilicki explained that defendant had to wait three business days for the check to clear before any additional money would be available to him. On February 16, 1988, when Detective Ludman of the Wheaton police department showed her photographs from a photo album, Chilicki identified defendant as the one who attempted to open the account. She made an in-court identification of defendant. Chilicki also observed that the check had been marked "payment stopped."

Essie D. Lee, an employee at the Du Page Convalescent Center, testified that, on January 17, 1988, she noticed that three checks numbered 198, 199, and 200 were missing from the checkbook which she kept in her desk at work. She did not write check No. 198 payable to Kenneth Jones, knew no one by that name, and did not give anyone permission to write out that check. Lee identified defendant as a co-worker who went by the name of S. T. Jones at the convalescent home.

Detective Jeffrey Ludman investigated the forgery that occurred on January 15, 1988. On February 16, 1988, he showed Chilicki a series of photographs from which Chilicki picked out a photograph of the defendant as the person who presented check No. 198 to her at the bank. On February 18, 1988, Ludman arrested defendant at the convalescent center.

Sergeant John Gorajczyk testified regarding latent fingerprints found on check No. 198. Based on his qualifications as an expert fingerprint and document examiner, he concluded that the latent prints matched the prints on the fingerprint card bearing defendant's name. Gorajczyk also testified that the signature on the check in question was not naturally written and that it was inconsistent with the normal handwriting of a person who writes the same signature from habit.

Defendant presented an alibi defense using as witnesses two employees from the convalescent home where he worked under the name of S.T. Martin Jones; defendant attempted to document by means of a time-punch card that he was at work at the time of the offense. Betty Altman, a personnel employee, acknowledged that she did not personally observe defendant punch in or out on the date in question.

Monrie Neisler, an assistant supervisor at the convalescent center, testified that employees were not to leave the building without her permission. Defendant was on the work schedule for January 15, and there was no report of his absence, but Neisler could not state from personal knowledge whether defendant was in the nursing home at 6 p.m. on that date.

Defendant testified that he had a brother named Kenneth Jones.

After closing arguments, the trial court found defendant guilty of the charge of forgery premised on delivery of a document capable of defrauding another.

■ Defendant's first appellate contention is that the trial judge should have disqualified himself from hearing the case since he had a financial interest in the bank by virtue of being a depositor or borrower of the bank and that any oral waiver was ineffective as the actions taken in open court did not conform to Supreme Court Rules 63C(1)(d) and D (113 Ill. 2d Rules 63C(1)(d), D). First, we point out that defendant did not object to the trial judge's hearing of the cause and that this issue was not specifically raised in defendant's written post-trial motion; therefore, this claim of error is waived on appeal. See *People v. Enoch* (1988), 122 Ill. 2d 176, 186.

■ ■ Even if we were to consider defendant's claim regarding disqualification of the trial judge under the plain error exception to the waiver rule, we would not find that the actions of the trial court constituted error, much less reversible error. A trial judge should disqualify himself if he knows that he has a substantial financial interest in the subject matter in a controversy or in a party to the proceeding where such an interest might affect the outcome of the proceed-

ing. (113 Ill. 2d R. 63C(1)(d).) However, notwithstanding that a "financial interest" is defined as "ownership of a legal or equitable interest, however small" (113 Ill. 2d R. 63C(3)(c)), the rule also specifies that where the interest is that of a depositor in a mutual savings association or similar proprietary interest, it is a "financial interest" in the organization only if the outcome of the proceeding could substantially affect the value of the interest (113 Ill. 2d R. 63C(3)(c)(iii)).

Subsection (3)(c)(iii) of the rule appears to create an exception to the disqualification of judges who are ordinary depositors or (impliedly) debtors of a savings association or a similar institution. Common sense dictates that the small sum involved in the check forgery in this case could have no real effect on the assets of the bank such that the outcome of the proceeding would substantially affect the value of the judge's interest in the bank. The connection between the passing of a small, forged check and its effect on a highly regulated, insured banking institution is so tenuous that the defendant himself readily accepted the trial judge's continued participation in hearing the case. The trial judge in this case was being meticulously candid in disclosing his status as a customer of the bank. Under the circumstances, we find no prejudice to defendant amounting to reversible error.

■ Defendant nevertheless argues that a written waiver of the judge's disqualification executed by the parties is mandatory, citing *Woods v. Durkin* (1989), 183 Ill. App. 3d 870. However, *Woods* concerned a specific, clear, and previously existing conflict of interest brought to light by the trial judge's disclosure that his daughter-in-law was an associate of the law firm that was representing defendant. Therefore, a written remittal of disqualification was required pursuant to Rule 63D (113 Ill. 2d R. 63D). Here, we have found no conflict of interest stemming from the judge's status as an ordinary customer of the bank by virtue of the exception provided in subsection (3)(c)(iii) of Rule 63C. Therefore, no written waiver was required. Although we recognize that there is a paucity of Illinois case law on the precise question presented by the financial interest exception here, we believe that defendant's reliance on other cases which do not construe this exception is misplaced.

■ Defendant also argues that the trial judge's status as a bank depositor or debtor created the appearance of impropriety requiring recusal. (*People v. Bradshaw* (1988), 171 Ill. App. 3d 971, 976.) We disagree. The trial judge disclosed his interest in open court at the beginning of the trial when he noticed that the first witness was an employee of the Gary-Wheaton Bank. At this point, no rulings affect-

ing the outcome of the trial had been made and nothing had yet occurred at the trial which would have prejudiced defendant; defendant was given the opportunity to request a substitution of judges with reasonable assurance that the trial would proceed the same day, and defendant declined the offer after conferring with counsel. We find no appearance of impropriety here.

■■ ■ Defendant next contends that the amount of restitution which he was ordered to pay is not supported by the evidence in the record. We agree, and we notice such error under the plain error exception to the waiver rule. Plain error may be considered where, as here, the record clearly shows that an alleged error affecting substantial rights was committed. (See *People v. Young* (1989), 128 Ill. 2d 1, 46.) The State concedes that the amount of restitution should be modified. The trial court ordered defendant to pay restitution to the bank in the amount of $1,939.98. The State maintains that defendant obtained the full amount of the check from the bank, but we are unable to ascertain from our examination of the record that the bank's out-of-pocket loss exceeded the $50 in cash advanced to defendant at the time he deposited the forged check. Alleged losses which are unsupported by the evidence must not be used as a basis for awarding restitution. See *People v. Chacon* (1984), 125 Ill. App. 3d 649, 658.

Accordingly, that part of the sentence ordering defendant to pay restitution in the amount of $1,938.98 is vacated, and the cause is remanded for an evidentiary hearing regarding the amount of restitution to be paid by defendant. In all other respects, the judgment of the circuit court is affirmed.

Affirmed in part; vacated in part and remanded with directions.

UNVERZAGT, P.J., and DUNN, J., concur.