# Illinois Official Reports

## Appellate Court

***People v. Hanson*, 2014 IL App (4th) 130330**

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TRISTAN T. HANSON, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-13-0330 |
| Filed | December 30, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | On appeal from defendant's sentence to an extended term for domestic battery and an order for the payment of $490.82 in restitution, the appellate court rejected defendant's contentions that even though he was eligible for an extended term, the trial court based the imposition of the extended term on a misunderstanding of his criminal history and that restitution was ordered without an evidentiary basis, since defendant raised the issue of the extended term for the first time on appeal and no exception to the forfeiture rule applied, and further, defendant never contested or requested further evidence when the State stated the amount of restitution, thereby subjecting defendant's claim to forfeiture. |
| Decision Under Review | Appeal from the Circuit Court of Macon County, No. 12-CF-98; the Hon. Lisa Holder White, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Michael J. Pelletier, of State Appellate Defender's Office, of Springfield, and Thomas A. Lilien and Barbara R. Paschen, both of State Appellate Defender's Office, of Elgin, for appellant.

Jay Scott, State's Attorney, of Decatur (Patrick Delfino, David J. Robinson, and Luke McNeill, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE STEIGMANN delivered the judgment of the court, with opinion.
Presiding Justice Pope and Justice Turner concurred in the judgment and opinion.

**OPINION**

¶ 1    In August 2012, a jury convicted defendant, Tristan T. Hanson, of criminal damage to property (damage to property not exceeding $300) (720 ILCS 5/21-1(2) (West 2010)) and domestic battery (720 ILCS 5/12-3.2(a)(1) (West 2010)). Because defendant had a prior conviction for violating an order of protection (720 ILCS 5/12-30 (West 2008)) in Peoria County case No. 08-CM-833, his domestic battery conviction was elevated from a Class A misdemeanor to a Class 4 felony (720 ILCS 5/12-3.2(b) (West 2010)). At an October 2012 sentencing hearing, the trial court sentenced defendant to (1) an extended-term sentence of 5 years for domestic battery and (2) 364 days for criminal damage to property. The court also ordered defendant to pay $490.82 in restitution.

¶ 2    Defendant appeals, arguing that the trial court erred by (1) sentencing him to an extended-term sentence for domestic battery and (2) ordering him to pay $490.82 in restitution without an evidentiary basis. We disagree and affirm.

¶ 3                           I. BACKGROUND

¶ 4    Defendant's convictions in this case stem from a January 2012 domestic dispute that occurred when defendant's girlfriend attempted to end the couple's relationship. The evidence at trial showed that defendant slapped and choked his soon-to-be ex-girlfriend and punched the windows and hood of her car, causing damage. The jury convicted defendant of domestic battery and criminal damage to property, but it acquitted him of the more serious offense of aggravated domestic battery (720 ILCS 5/12-3.3(a-5) (West 2010)).

¶ 5                  A. The October 2012 Sentencing Hearing

¶ 6    In October 2012, the trial court held a sentencing hearing. As pertinent to the issues in this appeal, the presentence investigation report (PSI) indicated that defendant had the following prior convictions: (1) a 2006 conviction for retail theft (720 ILCS 5/16A-3 (West 2004)) (a Class 3 felony) in Sangamon County case No. 05-CF-1341; (2) a 2007 conviction for aggravated robbery (720 ILCS 5/18-5 (West 2006)) (a Class 1 felony) in Peoria County case

No. 07-CF-452; and (3) a 2008 conviction for violation of an order of protection (720 ILCS 5/12-30 (West 2008)) (a Class A misdemeanor) in Peoria County case No. 08-CM-833. The PSI also indicated that defendant had a pending domestic battery charge (a Class A misdemeanor) in Macon County case No. 12-CM-76, which was in the pretrial stages when the PSI was prepared.

¶ 7     Because defendant had prior Class 1 and Class 3 felony convictions within the past 10 years, he was eligible for extended-term sentencing on his Class 4 felony conviction for domestic battery in this case. 730 ILCS 5/5-5-3.2(b)(1) (West 2012). The State argued, in pertinent part, as follows:

> "[Defendant] was on parole from the Department of Corrections when the offenses we're here for sentencing on today were committed. He is extended-term eligible as to the domestic battery with a prior case, as it's a Class 4 felony."

Defendant did not object to the State's assertion that he was extended-term eligible.

¶ 8     Prior to the parties' arguments, the trial court asked the State if it had a "restitution figure," to which the State replied, "I do. It's four hundred and ninety dollars and eighty-two cents." Defendant did not object to this figure, nor did he request a hearing on the issue of restitution. Following the parties' arguments and defendant's statement in allocution, the court sentenced defendant, as stated.

¶ 9                    B. Defendant's November 2012 Motion To Reduce His Sentence

¶ 10    In November 2012, defendant *pro se* filed a motion to reduce his sentence in which he essentially claimed that (1) he "was forced to trial" because the State would not go along with the terms of his desired plea agreement and (2) the domestic battery charge should not have been enhanced to a Class 4 felony because his prior violation of an order of protection took place four years ago in a different county with a different victim. The trial court appointed counsel to represent defendant on his motion. In April 2013, following a hearing at which counsel argued that defendant's sentence was excessive, the court denied defendant's motion. In explaining its ruling, the court found that defendant's sentence was within the permissible range, specifically noting defendant's prior felony convictions for retail theft and aggravated robbery.

¶ 11    This appeal followed.

¶ 12                               II. ANALYSIS

¶ 13    Defendant argues that the trial court erred by (1) sentencing him to an extended-term sentence for domestic battery and (2) ordering him to pay $490.82 in restitution without an evidentiary basis. Defendant concedes that he forfeited both of these claims by failing to (1) object at the sentencing hearing or (2) raise the issues in a postsentence motion. Because defendant urges this court to excuse his forfeiture, we begin with a brief review of the rationale behind the forfeiture rule.

¶ 14                   A. The Forfeiture Rule as It Applies to Sentencing Issues

¶ 15    Section 5-4.5-50(d) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-4.5-50(d) (West 2012)) provides, in pertinent part, as follows:

"A defendant's challenge to the correctness of a sentence or to any aspect of the sentencing hearing shall be made by a written motion filed with the circuit court clerk within 30 days following the imposition of sentence."

¶ 16    In *People v. Reed*, 177 Ill. 2d 389, 393, 686 N.E.2d 584, 586 (1997), the supreme court held that this statute "require[s] sentencing issues be raised in the trial court in order to preserve those issues for appellate review." (We note that section 5-8-1(c) of the Unified Code (730 ILCS 5/5-8-1(c) (West 1996))–the statute at issue in *Reed*–is now codified under section 5-4.5-50(d) of the Unified Code.) The *Reed* court explained the rationale behind the statute as follows:

"Requiring a written post-sentencing motion will allow the trial court the opportunity to review a defendant's contention of sentencing error and save the delay and expense inherent in appeal if they are meritorious. Such a motion also focuses the attention of the trial court upon a defendant's alleged errors and gives the appellate court the benefit of the trial court's reasoned judgment on those issues." *Reed*, 177 Ill. 2d at 394, 686 N.E.2d at 586.

¶ 17    Following *Reed*, this court addressed the forfeiture rule under section 5-8-1(c) of the Unified Code in *People v. Rathbone*, 345 Ill. App. 3d 305, 802 N.E.2d 333 (2003). In that case, the defendant argued on appeal that the trial court abused its discretion at sentencing by sentencing him for "violating the terms of his probation rather than for residential burglary." *Id*. at 308, 802 N.E.2d at 336. The defendant suspected that the court made this error based upon statements the court made while explaining its sentencing decision from the bench. *Id.* at 307-08, 802 N.E.2d at 335-36. The defendant did not, however, include his claim in a postsentence motion. *Id.* at 308, 802 N.E.2d at 336. This court concluded that the defendant forfeited his claim, noting as follows:

"[D]efendant's claim is precisely the type of claim the forfeiture rule is intended to bar from review when not first considered by the trial court. Had defendant raised this issue in the trial court, that court could have answered the claim by either (1) acknowledging its mistake and correcting the sentence, or (2) explaining that the court did not improperly sentence defendant based on his conduct on probation. If the court did not change the sentence, then a record would have been made on the matter now before us, avoiding the need for this court to speculate as to the basis for the trial court's sentence." *Id.* at 310, 802 N.E.2d at 337.

With these practical considerations in mind, we turn now to defendant's forfeited claims.

¶ 18                                B. Defendant's Extended-Term Sentence

¶ 19    Defendant contends that although he was in fact eligible for extended-term sentencing under section 5-5-3.2(b)(1) of the Unified Code based upon his prior felony convictions for retail theft and aggravated robbery, his extended-term sentence must be vacated because the trial court's decision to impose an extended-term sentence was based upon a mistaken belief that this was defendant's second Class 4 felony conviction for domestic battery. In support of this theory, defendant relies entirely upon (1) the State's words at the sentencing hearing–specifically, that defendant was "extended-term eligible as to the domestic battery with a prior case, as it's a Class 4 felony"–and (2) the court's subsequent failure to specifically mention defendant's prior felony convictions for retail theft and aggravated robbery when

announcing its sentencing judgment. According to defendant, because the court based its extended-term sentence on a misunderstanding of defendant's criminal history, it is irrelevant that defendant *actually was* eligible for extended-term sentencing.

¶ 20    The State argues that its statement at the sentencing hearing simply conveyed that defendant was extended-term eligible as to the domestic battery conviction, which was elevated to a Class 4 felony because of defendant's *prior case* in which he was convicted of violating an order of protection. Although we find the State's interpretation of this statement obvious–and nothing in the record suggests that the trial court misunderstood it–we decline to address the merits of defendant's claim.

¶ 21    The rationales of *Reed* and *Rathbone* are fully applicable in this case. Defendant's claim of error is based entirely upon his suspicion that the trial court misunderstood his criminal history. Yet, defendant passed on the opportunity to draw the court's attention to this issue, which would have eliminated all guesswork and made a clear record of whether the court actually misunderstood defendant's criminal history. Instead, defendant raises this issue for the first time on appeal, essentially asking this court to use the transcript of the sentencing hearing as a crystal ball from which to determine the sentencing judge's thought process. However, this court is not in the business of mind-reading, and our accepting such a task would be the equivalent of ignoring the legislative purpose behind section 5-4.5-50(d) of the Unified Code.

¶ 22    Defendant argues that the forfeiture rule should not bar his claim, however, because (1) the trial court's sentencing judgment is void and (2) the plain-error doctrine applies. Although voidness and plain error are recognized exceptions to the forfeiture rule, we conclude that neither applies in this case.

¶ 23                    1. *Defendant's Extended-Term Sentence Is Not Void*

¶ 24    "A sentence, or portion thereof, that is not authorized by statute is void." *People v. Donelson*, 2013 IL 113603, ¶ 15, 989 N.E.2d 1101. However, when the trial court imposes an allegedly excessive sentence based upon an error of law or fact, the sentence is merely voidable and the error is subject to forfeiture. *People v. Brown*, 225 Ill. 2d 188, 205, 866 N.E.2d 1163, 1172-73 (2007). In this case, because defendant was extended-term eligible under section 5-5-3.2(b)(1) of the Unified Code, the trial court's extended-term sentence was authorized by statute. Accordingly, defendant's sentence is not void. Defendant's claim that the court misunderstood his criminal history alleges an error of fact or law, which is subject to forfeiture.

¶ 25                    2. *The Plain-Error Doctrine Does Not Apply*

¶ 26    "[S]entencing errors raised for the first time on appeal are reviewable as plain error if (1) the evidence was closely balanced or (2) the error was sufficiently grave that it deprived the defendant of a fair sentencing hearing." *People v. Ahlers*, 402 Ill. App. 3d 726, 734, 931 N.E.2d 1249, 1256 (2010). "Under both prongs of the plain-error doctrine, the defendant has the burden of persuasion." *People v. Hillier*, 237 Ill. 2d 539, 545, 931 N.E.2d 1184, 1187 (2010).

¶ 27    The supreme court "has 'consistently emphasized the limited nature of the plain[-]error exception.'" *Rathbone*, 345 Ill. App. 3d at 311, 802 N.E.2d at 338 (quoting *People v. Easley*, 148 Ill. 2d 281, 337, 592 N.E.2d 1036, 1061 (1992)). "The plain-error doctrine is not a general

saving clause preserving for review all errors affecting substantial rights whether or not they have been brought to the attention of the trial court. [Citation.] Instead, it is a narrow and limited exception to the general rule of forfeiture, whose purpose is to protect the rights of the defendant and the integrity and reputation of the judicial process. [Citation.]" (Internal quotation marks omitted.) *People v. Allen*, 222 Ill. 2d 340, 353, 856 N.E.2d 349, 356 (2006).

¶ 28    In *Rathbone*, this court noted–and rejected–several appellate court decisions which held that "alleged sentencing errors are reviewable as plain error when they involve a misapplication of law because the right to be sentenced lawfully is substantial in that it affects a defendant's fundamental right to liberty." *Rathbone*, 345 Ill. App. 3d at 310, 802 N.E.2d at 338. We explained our disagreement with that expansive approach to plain error as follows:

> "We reject this approach because it is not consistent with (1) the rule of law set forth in *Reed*, (2) its underlying principles, or (3) the intent of the legislature. If *all* matters related to a 'misapplication of law' at sentencing affect a defendant's fundamental right to liberty and are thus reviewable as plain error, then the plain[-]error exception essentially swallows the forfeiture rule, rendering meaningless the requirement contained in section 5-8-1(c) of the Unified Code and enforced by the supreme court in *Reed.*" (Emphasis in original.) *Id.* at 311, 802 N.E.2d at 338.

¶ 29    In decisions following *Rathbone*, we have declined to automatically apply the plain-error doctrine to forfeited claims regarding sentencing. See *People v. Montgomery*, 373 Ill. App. 3d 1104, 1123, 872 N.E.2d 403, 419 (2007) (declining to review for plain error the defendant's forfeited claim that the trial court improperly found the element of great bodily harm for purposes of the truth-in-sentencing statute (730 ILCS 5/3-6-3(a)(2)(iii) (West 2004))); *Ahlers*, 402 Ill. App. 3d at 734, 931 N.E.2d at 1256 (declining to review for plain error the defendant's forfeited claim that the trial court considered multiple improper factors in aggravation).

¶ 30    In urging this court to apply the plain-error doctrine in this case, defendant does not contend that the evidence was closely balanced, nor does he specifically argue that the trial court committed a sufficiently grave error to deprive him of a fair sentencing hearing. Instead, defendant claims that (1) he "was not eligible for extended-term sentencing" because the court erroneously relied upon a nonexistent prior felony as the basis for that extended term and (2) the plain-error doctrine applies because "[t]he erroneous imposition of an extended-term sentence affects a defendant's fundamental right to liberty." Defendant fails to meet his burden of establishing plain error.

¶ 31    Initially, we note that defendant *was* eligible for extended-term sentencing under section 5-5-3.2(b)(1) of the Unified Code. Although defendant argues that "his sentence was not authorized by law," he is really arguing that his sentence was not authorized by law for the reasons that the trial court thought it was. Even though we reject defendant's assertion that the court misunderstood why an extended-term sentence was authorized by law, we need not decide that issue. Suffice it to say, because defendant's extended-term sentence was authorized by law, any erroneous assumption the court might have made in reaching that ultimately correct conclusion did not affect defendant's rights. Whether defendant was extended-term eligible because he had a prior Class 4 felony conviction for domestic battery (which is what defendant argues the court erroneously believed), or because he had prior felony convictions for retail theft and aggravated robbery (which is what the PSI indicated), defendant was extended-term eligible all the same. Accordingly, even assuming *arguendo* that the court erroneously believed defendant was extended-term eligible because of a prior Class 4 felony

conviction for domestic battery, such an error was not sufficiently grave to deprive defendant of a fair sentencing hearing.

¶ 32                           C. The Trial Court's Restitution Order

¶ 33    Defendant next argues that the trial court erred by ordering him to pay $490.82 in restitution without an evidentiary basis. Specifically, defendant notes that the only evidence in the record regarding the cost of damage to the victim's car comes from the PSI, which states that "the damage was less than $300." (We note that the jury convicted defendant of criminal damage to property not exceeding $300 (720 ILCS 5/21-1(2) (West 2010)), which might explain why the PSI indicated the amount of damage being less than $300.) Defendant urges this court to review this forfeited claim under the plain-error doctrine. The State, citing this court's decision in *People v. McCormick*, 332 Ill. App. 3d 491, 774 N.E.2d 392 (2002), agrees with defendant that the plain-error doctrine applies and asserts that we should address the merits of defendant's claim, vacate the court's restitution order, and remand for an evidentiary hearing to determine the actual amount of damages. We decline to do so.

¶ 34    Section 5-5-6 of the Unified Code (730 ILCS 5/5-5-6 (West 2012)) provides, in pertinent part, as follows:

> "In all convictions for offenses in violation of the Criminal Code of 1961 *** in which the person received any injury to his or her person or damage to his or her real or personal property as a result of the criminal act of the defendant, the court shall order restitution as provided in this Section. *** If the offender is sentenced to make restitution the Court shall determine the restitution as hereinafter set forth:
>
> (a) At the sentence hearing, the court shall determine *** whether the defendant should be required to make restitution in cash, for out-of-pocket expenses, damages, losses, or injuries found to have been proximately caused by the conduct of the defendant ***.
>
> (b) In fixing the amount of restitution to be paid in cash, *** the court shall assess the actual out-of-pocket expenses, losses, damages, and injuries suffered by the victim named in the charge ***."

¶ 35    Defendant relies upon *People v. Jones*, 206 Ill. App. 3d 477, 482, 564 N.E.2d 944, 947 (1990), for the proposition that a trial court commits plain error when it orders restitution without an evidentiary basis. The defendant in *Jones*, who was convicted of presenting a forged check to a bank and ordered to pay restitution, argued on appeal that "the amount of restitution ordered was excessive and *** not supported by the evidence." *Id.* at 478, 564 N.E.2d at 945. The Second District laid out the issue on appeal as follows:

> "The trial court ordered defendant to pay restitution to the bank in the amount of $1,939.98. *** [W]e are unable to ascertain from our examination of the record that the bank's out-of-pocket loss exceeded the $50 in cash advanced to defendant at the time he deposited the forged check. Alleged losses which are unsupported by the evidence must not be used as a basis for awarding restitution." *Id.* at 482, 564 N.E.2d at 947.

¶ 36    Although the defendant in *Jones* forfeited his claim regarding restitution, the Second District chose to review the restitution issue under the plain-error doctrine. The court's plain-error analysis consisted of the following sentence: "Plain error may be considered where, as here, the record clearly shows that an alleged error affecting substantial rights was

- 7 -

committed." *Id*. The *Jones* court did not elaborate as to why the absence of evidence confirming the restitution amount constituted "an alleged error affecting substantial rights." We decline to follow the Second District's decision in *Jones*.

¶ 37        *Jones* was decided prior to the General Assembly's enactment of Public Act 88-311, § 15 (eff. Aug. 11, 1993), which amended the Unified Code to require "that a defendant file a written post-sentencing motion in the trial court to preserve sentencing issues for appellate review." *Reed*, 177 Ill. 2d at 390, 686 N.E.2d at 584; 730 ILCS 5/5-4.5-50(d) (West 2012). The legislative purpose behind this statutory forfeiture provision, which we discussed earlier in this opinion, creates a presumption that sentencing errors not raised in the trial court are *actually* forfeited for review. When a defendant expects the reviewing court to bypass the forfeiture statute and address his claim, his burden of establishing plain error is more than a *pro forma* exercise. Any defendant is capable of merely asserting a few ten-dollar phrases–such as "substantial rights," "grave error," and "fundamental right to liberty"–but those phrases mean nothing unless the defendant persuades the reviewing court that the sentencing error *in his case* merits plain-error review. As we held in *Rathbone*, "it is not a sufficient argument for plain[-]error review to simply state that because sentencing affects the defendant's fundamental right to liberty, any error committed at that stage is reviewable as plain error. Because all sentencing errors arguably affect the defendant's fundamental right to liberty, determining whether an error is reviewable as plain error requires more in-depth analysis." *Rathbone*, 345 Ill. App. 3d at 311, 802 N.E.2d at 338.

¶ 38        We see no meaningful difference between the Second District's plain-error analysis in *Jones* and the type of conclusory plain-error argument we rejected in *Rathbone*. If the forfeiture rule of section 5-4.5-50(d) of the Unified Code is to have any meaning, some principled distinction must be made between "substantial rights" and all other rights that come into play during the sentencing stage of criminal proceedings. In this case, neither defendant nor the State endeavors to explain why the trial court's alleged error is "substantial" relative to the other types of errors that can occur during the sentencing stage of criminal proceedings. Instead, defendant and the State appear to interpret prior case law from the appellate court as holding that restitution errors constitute plain error *per se*.

¶ 39        Both defendant and the State cite this court's 2002 decision in *McCormick* for the blanket proposition that restitution errors affect a defendant's substantial rights. In *McCormick*, the trial court ordered the defendant to pay the victim $270 in restitution. *McCormick*, 332 Ill. App. 3d at 494, 774 N.E.2d at 395. That sum was based upon parking tickets that the victim incurred from illegally parking on the street in front of her home, which she did because she was afraid to park in a public parking garage since the defendant began harassing her. *Id*. This court reviewed the restitution order under the plain-error doctrine, concluding that the order violated the public policy against courts reimbursing people for their illegal activity. *Id*. at 499-500, 774 N.E.2d at 399. (We note that Justice Turner partially dissented in *McCormick*, disagreeing with the majority only as to the restitution issue. *Id*. at 500, 774 N.E.2d at 400 (Turner, J., specially concurring in part and dissenting in part) ("Defendant failed to preserve the restitution issue for appellate review by failing to file a postsentencing motion. [Citation.] The issue is, therefore, forfeited.").)

¶ 40        In this case, defendant essentially contends that the trial court committed plain error by accepting the State's representation that the restitution amount was $490.82 without requiring that further evidence be presented to prove the accuracy of that amount. However, perhaps the

reason why the court accepted that amount was because *defendant did not contest it*. Section 5-5-6 of the Unified Code does not mandate that the court fix the amount of restitution based upon any specific type of evidence, nor does the statute prohibit the parties from stipulating as to the proper amount (which is essentially what happened here when neither defendant nor his counsel contested the $490.82 figure). Given the specificity of the $490.82 figure, we doubt that the State just made up that amount without any basis for requesting it. The only alleged error is the absence of some type of auto-shop receipt or testimony in the record proving that the victim incurred $490.82 in damage to her car. We cannot accept that this type of error is "sufficiently grave that it deprived the defendant of a fair sentencing hearing" (*Ahlers*, 402 Ill. App. 3d at 734, 931 N.E.2d at 1256) or such an affront to defendant's substantial rights (*Allen*, 222 Ill. 2d at 353, 856 N.E.2d at 356) that it cannot be subject to forfeiture under section 5-4.5-50(d) of the Unified Code. This court's decision in *McCormick*–which involved a uniquely flawed restitution order that was substantively contrary to public policy–does not stand for the proposition that all errors pertaining to a restitution order are *per se* plain error.

¶ 41    In the years following *McCormick*, this court decided *Rathbone*, *Ahlers*, and *Montgomery*. As discussed earlier, those cases rejected prior appellate court decisions that applied plain-error review to alleged sentencing errors simply because "sentencing affects a defendant's substantial rights," as this defendant claims. In *Rathbone*, a panel of this court specifically disagreed with *McCormick* to the extent that it applied the plain-error doctrine "without applying the analysis that granting exceptions to the forfeiture rule ordinarily requires." *Rathbone*, 345 Ill. App. 3d at 311, 802 N.E.2d at 338. In line with our more recent decisions, we conclude that the plain-error doctrine does not apply to the trial court's alleged error regarding restitution in this case. Accordingly, we do not address the merits of defendant's claim.

¶ 42                              III. CONCLUSION
¶ 43    For the reasons stated, we affirm the trial court's judgment. As part of our judgment, we award the State its $50 statutory assessment against defendant as costs of this appeal.

¶ 44    Affirmed.