NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 180174-U

NO. 4-18-0174

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 27, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Macon County |
| GAVARIUS T. CARNEY, | ) | No. 17CF753 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jeffrey S. Geisler, |
| | ) | Judge Presiding. |

_____

PRESIDING JUSTICE STEIGMANN delivered the judgment of the court.
Justices DeArmond and Cavanagh concurred in the judgment.

**ORDER**

¶ 1   *Held:*   The appellate court affirmed the trial court's sentence.

¶ 2   In January 2018, a jury convicted defendant, Gavarius T. Carney, of aggravated battery with a firearm and being an armed habitual criminal (720 ILCS 5/12-3.05(e), 24-1.7(a) (West 2016)).  In March 2018, the trial court sentenced defendant to 14 years in prison for each conviction and ordered the sentences to be served concurrently.

¶ 3   Defendant appeals, arguing that his 14-year sentence is excessive, "given the substantial evidence in mitigation, including his employment history, lack of a violent criminal history, and community support, which showed his rehabilitative potential."  We affirm.

¶ 4                        I. BACKGROUND

¶ 5                   A. Defendant's Jury Trial

¶ 6   Because the evidence presented at the defendant's jury trial is not at issue in this

appeal, we will simply summarize it. The State's evidence at trial showed that because of a dispute over defendant's former girlfriend, he shot at another man repeatedly and one of the bullets went through the victim's left leg. The victim drove himself to the hospital and called the police about the shooting. He later identified defendant in a lineup as the person who shot him. A jury found defendant guilty of both charges.

¶ 7                              B. Defendant's Sentencing Hearing

¶ 8            The trial court conducted a sentencing hearing in March 2018. The presentence report that the court and the parties received prior to the sentencing hearing showed that defendant was 24 years old and had three prior, separate felony convictions for which he served prison sentences: (1) a 2010 conviction for residential burglary (Class 1 felony); (2) a 2011 conviction for aggravated fleeing and eluding (Class 4 felony); and (3) a 2013 conviction for burglary (Class 2 felony). He also had two juvenile delinquency adjudications, including an adjudication for possession of stolen firearm and residential burglary for which he was committed to the Illinois Department of Corrections for Juvenile Justice.

¶ 9            At the sentencing hearing, defendant called three witnesses who testified favorably about his character. In defendant's statement of allocution, he apologized for what happened to the victim.

¶ 10            The State recommended that the trial court impose a sentence of 20 years for defendant's armed habitual criminal conviction and 25 years for what the State deemed to be the more serious conviction of aggravated battery with a firearm. In support of those recommendations, the State pointed out that defendant had already served three separate prison sentences as an adult, in addition to having been sentenced to the Department of Corrections for Juvenile Justice as a juvenile. The State also argued that "[t]here are far too many shootings in Decatur, far

too many people getting hurt or killed, and it has got to stop."

¶ 11 Defense counsel noted that each conviction carried a possible sentence of 6 to 30 years and asked the court to sentence the defendant "to a minimal term as provided by statute in each case." In support of that recommendation, counsel noted that (1) these convictions were defendant's first involving a crime of violence and (2) he had pleaded guilty to the three prior felonies of which he had been convicted.

¶ 12 The trial court stated that it had reviewed the factors in mitigation as it listened to the evidence at the sentencing hearing and noted several factors in mitigation. The court also mentioned factors in aggravation, primarily defendant's criminal record and the fact that the convictions in the present case involved a shooting causing injury in a public place. The court ultimately sentenced defendant to 14 years in prison on each conviction and ordered those sentences to be served concurrently. The court specifically noted that this was not a case in which it believed consecutive sentencing would be appropriate.

¶ 13 Defendant did not file a motion to reconsider sentence. This appeal followed.

¶ 14 II. ANALYSIS

¶ 15 Defendant appeals, arguing that his 14-year sentence is excessive, "given the substantial evidence in mitigation, including his employment history, lack of a violent criminal history, and community support, which showed his rehabilitative potential." We affirm.

¶ 16 We noted earlier that defendant failed to file a motion to reconsider sentence. As a result, he has forfeited the argument on appeal he now seeks to raise. Acknowledging this forfeiture, defendant nonetheless claims that this court can review the trial court's alleged error under the first prong of the plain-error doctrine because "the evidence at the sentencing hearing was closely balanced." We emphatically disagree.

¶ 17        In *People v. Hanson*, 2014 IL App (4th) 130330, ¶¶ 15-16, 25 N.E.3d 1, this court wrote the following regarding the forfeiture rule as it applies to sentencing issues:

> "Section 5-4.5-50(d) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-4.5-50(d) (West 2012)) provides, in pertinent part, as follows:
>
>> 'A defendant's challenge to the correctness of a sentence or to any aspect of the sentencing hearing shall be made by a written motion filed with the circuit court clerk within 30 days following the imposition of sentence.'
>
> In *People v. Reed*, 177 Ill. 2d 389, 393, 686 N.E.2d 584, 586 (1997), the supreme court held that this statute 'require[s] sentencing issues be raised in the trial court in order to preserve those issues for appellate review.' (We note that section 5-8-1(c) of the Unified Code (730 ILCS 5/5-8-1(c) (West 1996))—the statue at issue in *Reed*—is now codified under section 5-4.5-50(d) of the Unified Code.) The *Reed* court explained the rationale behind the statute as follows:
>
>> 'Requiring a written post-sentencing motion will allow the trial court the opportunity to review a defendant's contention of sentencing error and save the delay and expense inherent in appeal if they are meritorious. Such a motion also focuses the attention of the trial court upon a defendant's alleged errors and gives the appellate court the benefit of the trial court's reasoned judgment on those issues.' *Reed*, 177 Ill. 2d at 394, 686 N.E.2d at 586."

¶ 18        This court wrote in *Hanson* that sentencing errors raised for the first time on appeal are reviewable as plain error if (1) the evidence was closely balanced or (2) the error was

sufficiently grave that it deprived the defendant of a fair sentencing hearing. *Id.* ¶ 26. We noted that under both prongs of the plain-error doctrine, the defendant has the burden of persuasion. *Id.* (Citing *People v. Hillier*, 237 Ill. 2d 539, 545, 931 N.E.2d 1184, 1187 (2010)).

¶ 19 In *Hanson*, we also wrote the following:

"The supreme court 'has "consistently emphasized the limited nature of the plain[-]error exception." ' [*People v.*] *Rathbone*, 345 Ill. App. 3d [305,] 311, 802 N.E.2d [333,] 338 [(2003)] (quoting *People v. Easley*, 148 Ill. 2d 281, 337, 592 N.E.2d 1036, 1061 (1992)). 'The plain-error doctrine is not a general saving clause preserving for review all errors affecting substantial rights whether or not they have been brought to the attention of the trial court. [Citation.] Instead, it is a narrow and limited exception to the general rule of forfeiture, whose purpose is to protect the rights of the defendant and the integrity and reputation of the judicial process. [Citation.]' (Internal quotations marks omitted.) *People v. Allen*, 222 Ill. 2d 340, 353, 856 N.E.2d 349, 356 (2006)." *Hanson*, 2014 IL App (4th) 130330, ¶ 27.

¶ 20 We reaffirm what we wrote in *Hanson* and reject defendant's claim that somehow we should review the trial court's sentence because the evidence at defendant's sentencing hearing "was closely balanced."

¶ 21 It was not.

¶ 22 Not even close.

¶ 23                                        III. CONCLUSION

¶ 24 For the reasons stated, we affirm the trial court's judgment.

¶ 25 Affirmed.